SEABOARD AIR LINE RAILWAY COMPANY, A CORPO-
RATION, *Plaintiff in Error,* v. SAMUEL KAY, *De-*
*fendant in Error.*

Opinion Filed March 2, 1917.

1. Each party to a trial at law has a right to have the court
   instruct the jury as to the law applicable to the facts in
   evidence introduced under the issues as made by the pleadings.

2. In charging the jury the court should state to them the issues
   made by the pleadings and it is error simply to refer the
   jury to the pleadings to ascertain the issues.

Writ of Error to Circuit Court for Duval County;
George Couper Gibbs, Judge.

Judgment reversed.

*Fleming & Fleming,* for Plaintiff in Error;

*C. B. Peeler* and *M. M. Scarborough,* for Defendant
in Error.

PER CURIAM.—The defendant in error recovered a
judgment in the Circuit Court for Duval County against
the plaintiff in error in the sum of Five thousand dollars
as damages for personal injuries.    The defendant below
took a writ of error and seeks here to reverse the judg-
ment entered upon the verdict so obtained.

While there are many errors assigned, it is unneces-
sary to discuss but two or three.    We think the demurrer
to the second count of the amended declaration was prop-
erly overruled; that the court's order allowing the plain-
tiff leave to amend the second count of the amended dec-

laration, so as to show that the injury was committed in the year 1913 instead of 1914, was within the court's discretion and not in the least harmful to the defendant, and that the defendant's motion for an instructed verdict in its favor was properly overruled.

The case was tried upon the second count of the declaration, the first count having been held to be bad on demurrer. The second count of the declaration alleged in substance that the plaintiff and several others while riding in an automobile ran into a train of cars of the defendant which was then extending across a public highway; that the plaintiff was thrown out of the automobile upon the ground "under one of the defendant's cars then and there being upon said railroad track;" that he was unable to extricate himself from the position because he was "jammed and fastened" by the automobile; that while in that situation, the defendant knowing that the plaintiff was in that perilous situation, and "that to move such train of cars while plaintiff was in such position would injure him," "did negligently, carelessly and improperly run, operate and manage its train of cars by moving it from the position in which it was then standing, thereby running the same over the hand" of the plaintiff cutting several of his fingers and otherwise bruising, wounding and injuring him in his limbs and body. Whereby he suffered pain and was forced to lay out money in endeavoring to be healed, and that he is permanently disabled by such injury.

The testimony of the plaintiff and one or two other witnesses tended to support the allegations of the declaration, the testimony of several witnesses for the defense, in fact all the evidence offered by the defense, and much of it offered by the plaintiff, tended to support the defendant's contention that the train of cars was in motion when

it was struck by the automobile and the plaintiff was thrown out upon the ground with his hand upon the railroad track, and that his hand was run over and the fingers cut off before the train could possibly be stopped. That the train passed over the crossing and came to a stop for the first time several car lengths beyond the crossing. If these facts were true, the plaintiff should not have recovered upon the declaration. The defendant had pleaded not guilty, and that the plaintiff's negligence contributed directly to his own injury in the manner above stated, and that his negligence was the sole cause of the injury he sustained.

Now the basis of the ninth and tenth assignments of error was the refusal of the court to give the following instructions requested by the defendant, *viz*:

"2. The Court charges you that under the pleadings in this case the defendant can not be held liable for the collision between the automobile which plaintiff was driving and defendant's train, and if you believe from a preponderance of the evidence that plaintiff was injured solely as a result of that collision, then you will find the defendant not guilty.

"5. The Court charges you that if you find from a preponderance of the evidence that the employees of defendant in charge of defendant's train, stopped said train, as soon as it was reasonably possible to do after the discovery of the collision between said automobile, which plaintiff was driving, and said train, and that the employees in charge of said tran dd not start said train again until after plaintiff had been removed from the position in which he was then in when said train was brought to a stop, then you will find the defendant not guilty."

It is true that the court charged the jury in general terms that if they believed from the evidence the facts

alleged in any one of the pleas in bar they should find for the defendant, but no part of the charge given can be said to have covered substantially the idea embraced in the two charges above quoted. There was ample evidence to which the charges were applicable, the issue was clearly raised by the plea of not guilty and the special pleas mentioned. The defendant had a right to have the jury instructed specifically upon these issues and the law applied to the state of facts; this the court refused to do although requested by the defendant in proper manner. We think this refusal was error, for which the judgment should be reversed. See Hood v. French, 37 Fla. 117, 19 South. Rep. 165. It is the duty of the court to state to the jury the issues made by the pleadings, and while this duty involves a large discretion as to the form and style in which the instructions shall be given, it is generally held to be erroneous to read the pleadings to the jury or refer them to the pleadings for the issues by way of instructing them in the law of the case. The issues should be stated by the court fully to the jury as those issues have been made by the pleadings, and each party to the cause had a right to have the law given to the jury upon the issues raised if there is evidence to which such charge is applicable.

The error was harmful in view of the character of evidence and because of it the judgment is reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHIT-. FIELD, and ELLIS, JJ., concur.