120 So.2d 236 (1960)
Fred B. ARCHIBALD and Lucy Pease Archibald, Appellants,
v.
John C. WITTMER a/k/a J.C. Wittmer, Appellee.
No. 1594.
District Court of Appeal of Florida. Second District.
May 11, 1960.
George S. Saltsman and Page S. Jackson, St. Petersburg, for appellants.
Gardner W. Beckett, Jr., of Askew & Earle, St. Petersburg, for appellee.
WILLIAMS, V.A., Associate Judge.
The plaintiffs in this suit upon a promissory note have appealed from an order granting a new trial entered by the court below.
In granting the defendant appellee's motion for a new trial, the trial judge ruled that the jury had been misdirected. His ruling will not be reversed unless it is clearly erroneous, Lowenthal v. Laurent, Fla.App. 1958, 102 So.2d 410, 411. The burden rests upon appellants to make reversible error clearly appear, Tampa Transit Lines, Inc. v. Rodriquez, Fla.App. 1958, 100 So.2d 676. In addition, a stronger showing is required to reverse an order allowing a new trial than one denying it. *237 Blue & Gray Cab Co. v. Lowe, 143 Fla. 129, 196 So. 425.
Briefly stated, the complaint, answer and the testimony disclose that the appellee was the maker of two promissory notes; that the appellants were the payees; that the notes on their face were past due; that they were given for good and valuable consideration. In his answer, the appellee admitted the foregoing elements; but affirmatively pleads that a condition precedent to the execution and delivery of the notes had not been met and that as a consequence thereof, the notes have not yet matured.
The appellee affirmatively states in his answer that in August, 1954, the appellant Fred B. Archibald, advised him that the appellant and his wife were interested in acquiring and operating a business and that they desired the appellee to be the production manager thereof; that the appellee then advised appellant he was impecunious as a result of a previous business failure; presently had a good job with the U.S. Post Office and hesitated to give up a certainty for an uncertainty. He then alleges that the appellant, as a further inducement, offered him an interest in the business if he would accept the job as production manager. He further alleges that the appellants agreed to and did put up a total sum of $4,000 to purchase for him a total of 40 shares of preferred stock of the corporation formed, which preferred stock had a par value of $100 per share and that, as a bonus, each shareholder received one share of common stock of no par value for each share of preferred stock owned.
He then alleged it was agreed that if the preferred stock subscribed in his name was redeemed by the corporation, then in that event, and only upon that condition, would he be obligated to pay the appellants out of the money thus received the amount which the appellants had paid for his stock.
Trial was had upon the issues formed and the jury returned a verdict for the appellants.
In substance, the controlling issue presented by the trial court to the jury in his charge involved the meaning or nature of the notes themselves, i.e., either they were evidence of the debt, in which case the jury was to return a verdict for the plaintiffs, or they were not evidence of a debt, in which case the jury was to return a verdict for the defendant. Under these instructions, the jury was put in a dilemma of deciding either that the notes were enforceable, or that they had never been enforceable and never would be. Since the defendant had admitted that the notes were to be enforceable after his stock was redeemed, the jury was forced to return a verdict for the appellants. Thus, the charge although not so intended by the court, was, in effect, an instruction to return a verdict for the appellants. It is as obvious to this court as it was to the lower court that there was considerable question within the minds of the jury with regard to the charge because the jury was charged three times before it returned its verdict.
The issue for the jury to determine did not involve the nature of the notes. The appellee, by his testimony, admitted they represented value received and were evidence of a debt. The question for the jury was whether or not the payment of the notes was contingent upon the redemption of the appellee's stock. If the jury concluded as a matter of fact that the obligation represented by the notes was not enforceable until the stock was redeemed, then the defendant, under proper instructions, would have received the verdict regardless of the language of the notes themselves. Coleman v. Brooks, Fla.App. 1959, 113 So.2d 590. The appellee requested such instructions and they were refused. The redemption of the appellee's stock was not mentioned even one time in the charge, although this was the central fact upon which he rested his defense.
When the learned trial judge recognized that his instructions had confused and misled the jury away from the real issue, *238 he ordered a new trial. He was eminently correct in doing so because it is the duty of the court to correctly identify for the jury the factual issue which they are to resolve, and a defendant has a right to have the jury instructed specifically upon that issue. Seaboard Air Line Railway v. Kay, 73 Fla. 554, 74 So. 523.
Obviously, the appellee was prejudiced by the erroneous charge because the jury was not permitted to pass upon the central issue upon which he had rested his defense, and by his order, the trial judge so ruled. When the reaction of the jury is considered in the light of the error in the charge, it is clear that the trial court was well within the limits of a sound judicial discretion when he ordered the new trial.
The appellants have presented certain other assignments of error which we have examined and find to be without merit, the same questions having been considered by this court in Chappell v. Hasche, Fla.App. 1957, 98 So.2d 808, and by the First District Court of Appeal in Paradise Beach Homes, Inc. v. South Atlantic Lumber Co., Inc., Fla.App. 1960, 118 So.2d 825.
Affirmed.
ALLEN, C.J., and SHANNON, J., concur.