ADKINS, Justice.
This is a suggestion for a writ of prohibition to prohibit the District Court of Appeal, Third District from hearing an appeal which relators (plaintiffs below) contend is untimely filed.
On December 6, 1968, the Circuit Court entered a final judgment in favor of rela-tors.
At the final hearing, the Trial Court reserved its ruling on the admissibility of a deposition proffered by the Defendant. On December 16, 1968, the defendant moved the Trial Court to amend the judgment so as to rule on the .admissibility of the deposition, the judgment having made no reference to it.
On December 24, 1968, an amended final judgment was rendered which was identical to the first one, but added that the Court had admitted the deposition into evidence and considered it.
The Defendant filed his notice of appeal on January 17, 1969. This was more than thirty days from the rendition of the original final judgment but within thirty days from the amended judgment.
The District Court denied relator’s motion to dismiss the appeal for lack of jurisdiction. This proceeding in prohibition resulted.
Under Florida Appellate Rule 3.2(b), 32 F.S.A. a notice of appeal must be filed within thirty days from the rendition of the judgment appealed. “Rendition” is defined by Florida Appellate Rule 1.3. An amendment to this Rule effective April 1, 1966 substituted:
“Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is' disposed of.” (Emphasis added.)
for:
“Where there has been a timely and proper motion or petition for a new trial, rehearing or reconsideration by the lower court, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
The purpose of the amendment was to avoid confusion in determining whether a post-trial pleading is a “motion or petition for a new trial, rehearing or reconsideration.” Under the amendment any post-trial motion permitted by the Rules which is timely filed delays the “rendition” of the judgment.
The motion to amend the final judgment was a “timely post-trial motion” *138 which was “permitted by the Rules.” Therefore, final judgment was rendered within thirty days prior to the notice of appeal and the suggestion for prohibition is denied.
ERVIN, C. J., and ROBERTS, DREW and BOYD, JJ., concur.