307 So.2d 873 (1975)
Secundino Ibrahim MARQUEZ, and Allstate Insurance Company, Appellants,
v.
Ernesto MEDEROS and Fernando Mederos, Appellees.
No. 74-610.
District Court of Appeal of Florida, Third District.
February 11, 1975.
*874 Adams, George, Wood, Lee, Schulte & Thompson and David L. Willing, Miami, for appellants.
Tarr & Stabinski, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
This is an appeal by the defendant below from an order granting a new trial on damages, in a personal injury action which arose from an automobile accident. A partial summary judgment on liability was entered in favor of the plaintiffs, and the trial held was on the damage issues.
The appellee Ernesto Mederos, then a minor, received certain injuries when the motor vehicle in which he was present (owned by the appellee Fernando Mederos) was struck from the rear by one owned and operated by the appellant Marquez. The appellant-defendant Allstate Insurance Company was the liability indemnity insurer of Marquez. The action was by Ernesto Mederos, through Fernando Mederos as next friend, seeking damages for personal injuries of the former, and by Fernando Mederos, individually, seeking recovery for property damage to his automobile, and derivative damages for medical expenses incurred incident to the personal injuries of the minor plaintiff and loss of services of the latter. Prior to the time of trial the minor Ernesto Mederos had attained majority.
At the trial it was disclosed that the medical expenses so incurred amounted to $680. The minor's injuries did not include any bone fracture. On the issue of whether the minor plaintiff had suffered any permanent injury, an interrogatory thereon presented to the jury resulted in their special verdict in the negative. The jury also rendered a general verdict in which no damages were allowed to the minor plaintiff, and damages in the amount of $1,800 were awarded to the plaintiff Fernando Mederos.
Within ten days following the rendition of the verdict the defendants filed two motions. One was a motion made under Rule 1.190(b) F.R.C.P. to amend their answer to conform with the evidence, to assert the defense that the action was barred by § 627.737 Fla. Stat., F.S.A. on the ground that the damage claims sought did not meet the threshold requirements therefor so as to permit the plaintiffs to maintain the action. The second motion was for entry of judgment for the defendants in accordance with their motion for directed verdict (Rule 1.480(b) F.R.C.P.).
Those motions were filed on January 21, 1974. Prior to ruling thereon the court, on January 23, 1974, entered judgment against the defendants, in favor of the plaintiff Fernando Mederos for $1,800.
On February 11, 1974 following hearing on the above described motions of the defendants, an order was entered granting the motions, and therein the court vacated the judgment entered on January 23, 1974 in favor of the plaintiff Fernando Mederos and granted judgment for the defendants. Within ten days thereafter the plaintiffs filed a petition for rehearing directed to the judgment entered on February 11, 1974 in favor of the defendants. After hearing thereon the court entered the order granting a new trial, which is now on appeal. The grounds therefor, as stated in the order, were as follows:
"The jury verdict awarded the plaintiff-father $1,800.00, on his derivative *875 claim; a sum substantially in excess of the medical expenses incurred. It is therefore logical to conclude that the jury found that the plaintiff-father had suffered a substantial loss of services of his minor son as a result of injury inflicted upon the son. Yet, the jury verdict awarded "zero" damages to the son; a result completely inconsistent with the award to the father. In order to justify the award to the father, the jury had to conclude that the son was in fact injured. Assuming injury to the son, it is clear he was entitled to some amount of damages. Accordingly, it is the finding and ruling of the Court that the jury verdict is defective and inconsistent with the charge on the law given by the Court to the jury.
"In response to a special interrogatory the jury found that the plaintiff-son had not sustained a permanent injury. Upon this basis the defendants invoke the provisions of Florida Statute § 627.737. Thus it could be reasoned that a new trial should not be ordered, since the plaintiffs were not entitled to seek damages in the first instance. The difficulty with this reasoning is that the Court would have to assume the jury properly applied the law in part and improperly applied it in part. This the Court cannot do."
In our opinion the grounds stated and relied on by the court for granting new trial were insufficient therefor, for the reason that the record revealed that the thresholds provided in the cited statute to enable the court action were not met. The evidence disclosed the absence thereof, except as to the question of the existence or non-existence of permanent injury to Ernesto Mederos, as to which there was some conflict in the evidence. However, as to that feature, the special verdict of the jury established the absence thereof. Thus, on the record, lack of jurisdiction for the personal injury action was shown. § 627.737 Fla. Stat., F.S.A. See Allstate Insurance Company v. Ruiz, Fla.App. 1974, 305 So.2d 275 (filed December 31, 1974). Although the claim of the plaintiff Fernando Mederos for property damages was maintainable by action at law without regard to any threshold provision as to the amount thereof (Kluger v. White, Fla. 1973, 281 So.2d 1), to the extent that the order for new trial related thereto it was inappropriate because it appears that proof or evidence upon which to base a recovery on that element of damage was not presented.
Accordingly the order granting new trial is reversed, and the cause is remanded to the circuit court with direction to enter an order dismissing the action without prejudice to plaintiffs' rights under §§ 627.736 and 627.738 Fla. Stat., F.S.A., and to enter a judgment in favor of the defendants for their costs.