327 So.2d 795 (1976)
Jean Vedder WOOTEN et al., Appellants,
v.
Sylvester COLLINS, Appellee.
No. 75-153.
District Court of Appeal of Florida, Third District.
February 3, 1976.
Rehearing Denied March 3, 1976.
*796 Adams, George, Wood, Lee & Schulte, Jeanne Heyward, Miami, for appellants.
Alldredge & Gray, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Defendants, Jean Vedder Wooten, Clyde C. Wooten, and United Services Automobile Association, appeal from a final judgment entered after jury trial resulting in a verdict for the plaintiff, Sylvester Collins, in an action arising out of an automobile accident which occurred in December, 1972, in Dade County, Florida. The vexatious questions presented for our determination in this case primarily involve the failure of a plaintiff, during trial of a suit brought against a defendant tort feasor, to meet the necessary threshold requirements to maintain such suit under the Florida No Fault Insurance Act (Florida Automobile Reparations Reform Act).[1]
Pertinent portions of plaintiff's complaint with reference to damages alleged that he incurred medical bills and expenses in excess of $1,000 and/or suffered permanent injuries. Defendants answered the complaint, admitting the date, time and place of the accident, denied all other allegations of the complaint, and alleged the affirmative defense that plaintiff himself was negligent. Plaintiff filed a reply denying the affirmative defense. The cause proceeded to trial at which time plaintiff's evidence established medical bills of only $609. There was a disputed issue of material fact as to whether the plaintiff received permanent injuries. At the conclusion of the plaintiff's case, the defendants moved for a directed verdict on the ground that plaintiff could not maintain an action against defendants because they were exempt from tort liability as plaintiff failed to meet the threshold requirements under the No Fault Insurance Act. The trial court held that the exemption from tort liability was jurisdictional and, therefore, the general denial in defendants' answer was insufficient, and that the matter of threshold had to be pled by affirmative defense. The defendants then moved ore tenus to amend their answer to raise an affirmative defense of plaintiff's failure to meet the threshold requirements of the No Fault Insurance Act. This the trial court denied. At the conclusion of all of the evidence, the defendants requested a jury instruction to the effect that if the plaintiff had not sustained a permanent injury, then the verdict should be for the defendants. The trial court refused to give the requested instruction. After the jury had returned a verdict of $4,500, the trial judge, sua sponte, propounded to the jury an interrogatory asking whether or not the plaintiff had sustained a permanent injury. After being retired to consider such interrogatory, the jury found that the plaintiff had *797 not sustained a permanent injury as a result of the accident. The trial court, then, over objection, entered a final judgment in favor of the plaintiff and denied defendants' post trial motion to dismiss, motion to vacate and motion for new trial.
Defendants raise two points on appeal which are dispositive of this case. The first point directs to error by the court in refusing to instruct the jury that if they found that the plaintiff had not sustained any permanent injury as a result of the accident, their verdict should be for the defendants. Second, that the court should have granted defendants' motion to dismiss and entered a judgment for the defendants after jury verdict where the evidence, as reflected in the special jury interrogatory, showed no permanency and, therefore, did not establish or maintain a cause of action.
In order to answer the questions raised by this appeal, we first must consider jurisdiction of the court to entertain the suit. 627.737(1), Fla. Stat., states:
"Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided ... and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle ... unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2)." (emphasis added)
Subsection (2) provides for the threshold requirements applicable to plaintiff in this case, namely medical expenses under 627.736(1)(a), exceeding $1,000 or permanent injury. From a reading of the language of the statute, the trial court was correct in holding that the court had no jurisdiction to entertain the suit under the statute as defendants were exempt from tort liability unless the plaintiff, by virtue of meeting the threshold requirements, was entitled to maintain a tort action against them. The plaintiff then, in order for the court to initially entertain a suit against the defendant tort feasors, must put into controversy by his complaint, in good faith, the requisite elements necessary to bring him within the provisions of the No Fault Insurance Act. Compare State v. City of Miami, 1933, 113 Fla. 280, 152 So. 6. It is apparent in the instant case that the plaintiff, in his pleadings, alleged in good faith, permanent injury.
The next question to be answered in this case is whether the defendants can raise the issue of the plaintiff's right to maintain a tort action against them by a general denial or must it be raised by an affirmative defense. The trial court held that the question of whether the suit against a tort feasor is properly within the threshold requirements of the No Fault Insurance Act must be raised by affirmative defense.
While it would seem that the pragmatic approach to this question would be to require that matters be pleaded by affirmative defense under Rule 1.110(d) R.C.P., so that a plaintiff would be on notice of the issue on which the defendant relies, we cannot so hold because the law pertaining to the pleading of affirmative defenses requires that the burden is on the party asserting an affirmative defense to prove it, which would thus place the defendant in the posture of having to prove by a preponderance of the evidence that the threshold requirements were not met by plaintiff when the burden is and should be, on the plaintiff to prove the threshold allegations of his complaint. Also, affirmative defenses are pleas of confession and avoidance. They admit the facts of the opposing party's complaint but raise some new matters which defeat the opposing party's valid claim. Moore Meats, Inc. v. Strawn, Fla. 1975, 313 So.2d 660. It is well established that if an affirmative defense *798 is not pleaded, it is waived. Failure, then, by defendants to raise the affirmative defense of failure of the plaintiff to meet the threshold requirements, would produce the result of conferring by waiver, agreement or consent, jurisdiction of the subject matter. Jurisdiction of subject matter cannot be conferred by consent, failure to object or waiver. Wilds v. Permenter, Fla.App. 1969, 228 So.2d 408; Ringling Bros.-Barnum & Bailey Combined Shows, Inc., Fla. App. 1974, 295 So.2d 314. We, therefore, hold that the trial court erred in ruling that the defendants' denial by answer that plaintiff had met the threshold requirements, did not raise the jurisdictional issue of tort exemption under the No Fault Insurance Act.
The threshold issue thus having been raised by answer of the defendants, we now turn to defendants' first point on appeal, the question of whether the court erred in not instructing the jury in accordance with the defendants' requested charge that if they found that the plaintiff had not sustained any permanent injury as a result of the accident, their verdict should be for the defendants. It is well established that the parties to a suit have the right to have the court charge the jury on a particular instruction as to the law applicable to and supported by the facts in evidence introduced under the issues as formed by the pleadings. Seaboard Air Line Railway Company v. Kay, 1917, 73 Fla. 554, 74 So. 523; Fournier v. Lott, Fla.App. 1962, 145 So.2d 885. In the instant case it affirmatively appears that a material issue of permanency was raised by the pleadings and evidence and, therefore, the court should have instructed the jury on the threshold requirements and the effect thereof to determine as a matter of fact whether such threshold requirements were met. Allstate Insurance Company v. Ruiz, Fla.App. 1975, 305 So.2d 275. However, in view of the fact that the trial judge used good judgment in submitting a special interrogatory to the jury inquiring as to the existence or non-existence of permanent injury to the plaintiff, and the jury having found in the negative, the record shows that the court lacked jurisdiction over this personal injury action, and, therefore, in answer to defendants' second point on appeal, the motion by the defendants for an order of dismissal should have been entered. Accordingly, the final judgment for the plaintiff is reversed and the cause is remanded to the circuit court with directions to enter an order of dismissal for want of jurisdiction, and assess costs accordingly.
Reversed and remanded with directions.
NOTES
[1] The No Fault threshold requirements are set out in § 627.737(2) Fla. Stat.