335 So.2d 636 (1976)
Tommy F. TUCKER and Pauline Tucker, His Wife, Appellants,
v.
Johnny Berry WALKER, et al., Appellees.
No. 75-1607.
District Court of Appeal of Florida, Second District.
July 28, 1976.
*637 J.L. Skip Miller of Miller & Anderson, St. Petersburg, for appellants.
Edward M. Waller, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for Johnny Berry Walker and Ins. Co. of North America.
SCHEB, Judge.
Appellants, Tommy F. Tucker and his wife Pauline, were plaintiffs below. They sued the defendants/appellees, Johnny Berry Walker, Insurance Company of North America, Frederick J. Schmidt, and State Farm Insurance Company, alleging that on June 29, 1973, Mr. Tucker was injured while a passenger in a vehicle, owned and operated by Walker, which struck the Schmidt vehicle ahead of it.[1]
Tucker claimed damages for injuries to his head, shoulder and arm resulting from the accident with Walker, even though he had injured the same parts of his body in a later accident on July 7, 1973. Defendants denied all material allegations and affirmatively defended on the ground they were exempt from tort liability since plaintiff Tucker failed to meet the "no-fault threshold requirements" under the Florida Automobile Reparations Reform Act, Fla. Stat. Ch. 627.
At trial, plaintiff Tucker offered evidence of medical expenses in excess of $1,000. His physicians testified that his injuries were permanent but they were unable to apportion those injuries as between the two accidents. The examining physician for the defendants testified that Tucker's disability pre-dated either accident. The defense contended that most, if not all, of the plaintiff's medical expenses were not the result of the accident caused by defendants. In special verdicts, the jury found the plaintiff Tucker did not sustain a permanent injury and did not incur medical expenses in excess of $1,000 as a result of the accident of June 29, 1973.
Plaintiffs moved for a new trial. Alternatively, they sought to dismiss without prejudice since the jury found Tucker failed to meet the threshold requirements. Both *638 motions were denied and final judgment was entered in favor of the defendants. This appeal ensued. Plaintiffs contend the trial court should have dismissed their suit without prejudice once the jury found that plaintiff failed to establish either injuries or medical expenses in excess of $1,000, as required under Fla. Stat. § 627.737. We disagree and affirm.
Once a final judgment is rendered on the merits of a cause by a court of competent jurisdiction, that judgment becomes conclusive on the questions and facts which were in issue and constitutes a bar to a subsequent suit involving the same subject matter. Thus, under the doctrine of res judicata, the parties may not relitigate matters already litigated and determined in a prior suit, Gordon v. Gordon, Fla. 1952, 59 So.2d 40; Shirley v. Shirley, Fla.App.2d 1958, 100 So.2d 450. Here, the plaintiffs pled and offered evidence of the permanency of Tucker's injuries and medical expenses in excess of $1,000, resulting from the alleged negligence of the defendant Walker. The jury found to the contrary. Once the jury found against the plaintiffs on these questions, the final judgment became res judicata as to those issues.
Plaintiffs argue, however, that Lasky v. State Farm Ins. Co., Fla. 1974, 296 So.2d 9, mandates a different result. In Lasky the Supreme Court upheld the constitutionality of the permanent injury and medical expense thresholds of Fla. Stat. § 627.737. There, the trial court dismissed the plaintiff Lasky's complaint with prejudice where he had not passed the threshold requirement of incurring in excess of $1,000 medical expenses. On appeal, the Supreme Court held such dismissal should have been without prejudice, otherwise, Lasky would be barred from any recovery despite his subsequent qualification to sue. See also Smith v. U.S. Fidelity and Guaranty Co., Fla.App.1st 1974, 305 So.2d 216. But unlike in Lasky and Smith, supra, here the plaintiff claimed to have met the thresholds of permanency and medical expenses, but those issues were resolved against him by the jury.[2]
The judgment entered herein does not bar the plaintiffs from bringing a later action within the limitations period, should Tucker sustain medical expenses in excess of the $1,000 threshold requirement of Fla. Stat. § 627.737(2) subsequent to the trial of this cause.
We have considered and find no merit in the other points raised by plaintiffs. Accordingly, the judgment appealed from is affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] A summary judgment in favor of Schmidt and his insurer, State Farm, was not appealed.
[2] The plaintiff could have requested and the court directed that a special verdict be entered to determine the actual medical expenses attributable to the accident of June 29, 1973. In such an instance a plaintiff who accrued medical expenses subsequent to date of the jury verdict could achieve the threshold by adding these new expenses to the amounts previously determined. No such request was made here. Rather, it is patent from the evidence and argument of counsel that the plaintiff concluded his medical bills were all attributable to the negligence of the defendant Walker. The jury found otherwise and there is no way this court can now determine which, if any, of the expenses amounting to less than $1,000 were attributable to Walker's negligence.