341 So.2d 777 (1976)
NEW HAMPSHIRE INSURANCE COMPANY and Lola Pittman, Relators,
v.
Judge James P. CALHOUN, and Maria Contino, Respondents.
No. 76-1235.
District Court of Appeal of Florida, Second District.
October 8, 1976.
William M. Schneikart, of Miller & McKendree, Tampa, for relators.
Mulholland, Kinney & Anderson, P.A. and Gordon & Maney, P.A., Tampa, for respondents.

ON PETITION FOR REHEARING
GRIMES, Judge.
This is an original petition for mandamus directed to the Honorable James P. Calhoun, *778 Judge of the Thirteenth Judicial Circuit of Florida.
Judge Calhoun presided at a trial in which Maria Contino brought suit against Lola Pittman and her insurance carrier for personal injuries suffered in an automobile accident. The jury returned the following verdict:
"We, the jury, on the claims herein, find as follows:
1. (a) The Defendant, LOLA PITTMAN, was not negligent.
(b) The Third Party Defendant, ALEJANDRA AMADOR, was negligent.
2. Plaintiff MARIA CONTINO did not sustain a permanent injury within reasonable medical probability as a result of the accident of December 26, 1972.
3. Plaintiff MARIA CONTINO did not incur reasonable and necessary medical expenses in excess of $1,000.00, as a result of the accident on December 26, 1972.
So, say we all.
Dated this 26th day of May, A.D., 1976.
 /s/ James Arrington 
 Foreman"
Thereupon, the judge concluded that the court was without jurisdiction in the case by reason of the second and third findings of the jury and dismissed the cause without prejudice. The relators ask this court to require the entry of a judgment in their favor.
We originally denied the petition because we were of the view that mandamus was not an appropriate remedy. However, upon rehearing and reflection, we have concluded that mandamus is a proper procedure to test the correctness of a determination of no jurisdiction by a court of lesser jurisdiction. State v. Pearson, 154 So.2d 833 (Fla. 1963); Linning v. Duncan, 169 So.2d 862 (Fla. 1st DCA 1964). Therefore, we must reach the merits of the controversy.
Judge Calhoun's order was premised on certain cases of the Third District Court of Appeal in which that court held that where the personal injury threshold prescribed by Section 627.737, Florida Statutes (1975) has not been reached, an order dismissing the cause without prejudice should be entered for want of jurisdiction. Wooten v. Collins, 327 So.2d 795 (Fla.3d DCA 1976); Marquez v. Mederos, 307 So.2d 873 (Fla.3d DCA 1975). We doubt that these opinions were using the word "jurisdiction" in its traditional sense, because the trial courts in those cases clearly had jurisdiction to determine whether or not the threshold was reached. There is nothing in the Florida Automobile Reparations Reform Act which suggests that a court has no jurisdiction where a plaintiff fails to meet the threshold. Section 627.737, Florida Statutes (1975) simply provides that a plaintiff may recover damages only when one of the threshold requirements is met.[1] In any event, the cases relied upon for the entry of the order are different from the instant case in one material respect; that is, there was no finding that the defendant was not negligent.[2]
Here, the jury determined in its first finding that Lola Pittman was not guilty of negligence. Under these circumstances, the plaintiff would not have been entitled to recover even if she had reached the personal injury threshold. The parties were before the court in a personal injury action where the defendant's negligence was a primary issue. When the jury determined this issue adverse to the plaintiff, the court did not lose jurisdiction by virtue of a further finding that the plaintiff had not met *779 the threshold. The judge should have entered judgment for the relators subject, of course, to his right to order a new trial should the circumstances so dictate under the principles generally applicable to the entry of new trial orders.
Our previous order denying the petition is vacated, and a peremptory writ of mandamus is hereby issued whereby the Honorable James P. Calhoun, Circuit Judge of the Thirteenth Judicial Circuit, is directed to exercise his jurisdiction in accordance with this opinion within thirty (30) days from the date hereof.
HOBSON, Acting C.J., and BOARDMAN, J., concur.
NOTES
[1] Had the jury specifically determined that Ms. Contino had incurred medical expenses of a specific amount which was less than the $1,000 threshold, the determination of this figure would have res judicata effect in a later suit alleging that additional expenses had been incurred sufficient to pass the threshold. Cf. Tucker v. Walker, 335 So.2d 636 (Fla.2d DCA 1976).
[2] While not necessary to our conclusion, we believe that if the jury had found that Ms. Pittman was negligent, she and her carrier would have been bound by that determination under principles of collateral estoppel in a subsequent action by Ms. Contino claiming that she had now reached the threshold.