OTT, Judge,
concurring specially.
I concur with the majority conclusion in this case, but must differ from the result or status of the litigation in the light of a prior opinion of this court on the subject. I would recede from that part of this court’s prior opinion in Tucker v. Walker, 335 So.2d 636 (Fla. 2d DCA 1976), which holds, in effect, that a final judgment properly entered upon a jury verdict is not final on all issues, absent a showing of abuse of discretion (such as clear uncontradicted evidence that necessary medical treatment is continuing or maximum medical recovery has not been reached or permanency of injury determined.)
In the ease under consideration the appellants brought a personal injury action against the appellees for injuries received in an automobile accident. Among the issues fairly made and fully tried by the parties were whether the plaintiffs crossed either the threshold of medical expenses in excess of $1,000 or permanent injury, as defined and required by Section 627.737(2), Florida Statutes (1975). Special verdicts were submitted to the jury which posed both threshold questions for a “yes” or “no” answer. The jury answered both questions in the negative and the court thereupon entered a final judgment against the appellees. The trial court denied appellants’ motions to set aside the judgment, for dismissal without prejudice or for a new trial. This appeal resulted.
This court affirms the final judgment and with this I fully concur. The result, however, in the light of Tucker v. Walker, supra, appears to permit or sanction the filing of another suit by the appellants and ultimate consideration by another jury — at least where they accrue a new $1,000 of medical expenses. In Tucker the question to the jury on the medical expense threshold, as in this case, only required the jury to answer “yes” or “no” and not to fix the actual amount of medical expenses they found reasonable and necessary, if any. In the Tucker opinion we affirmed the entry of the final judgment by the trial court, affirmed our understanding of and allegiance to the time honored doctrine of res judicata, but then concluded by saying:
“The judgment entered herein does not bar the plaintiffs from bringing a later action within the limitations period, should Tucker sustain medical expenses in excess of the $1,000 threshold requirement of Fla.Stat. § 627.737(2) subsequent to the trial of this cause.” 335 So.2d at 638.
With this I cannot agree.
This case and Tucker do not specifically deal with the question of whether or not the permanent injury issue could likewise be retried. Nor do they answer to what extent or under what circumstances, if any, the second jury may consider the medical expenses presented in the first case. In any event, we have drastically altered the meaning and application of the doctrine of res judicata (either in whole or in part). Such a result should more properly be reached by setting aside the judgment and entering an order of dismissal without prejudice. In all fairness, however, I must say that I do not agree with such an alternative where, as here and in Tucker, the case goes to a jury verdict on those questions after a full trial on the merits and the court, after *102 consideration of the alternatives, enters a valid final judgment on the verdict.
In this case the total of the medical bills put in evidence by the appellants was well above the $1,000 threshold amount for each of them. They also had expert testimony that they had sustained permanent injury. The appellees contended from the very outset (in their pleadings and discovery) and adduced competent evidence at the trial that the appellants’ medical expenses were, at least in part, unreasonable or unnecessary and that there was no permanent injury. The jury resolved the conflicting evidence against the appellants. The trial court has not been shown to have acted improperly in any way or to have abused its discretion in denying the appellants’ various motions and entering a final judgment on the verdict.
Under these circumstances the historical and, I submit, the only correct application of the doctrine of res judicata requires that the matter under trial, with all its issues, be laid finally to rest between these parties by one full and fair trial on the merits.
The majority and Tucker create a whole new set of problems. Are the medical expenses put in evidence in the first case to be allowed in evidence before the second (or third or fourth) jury — at least where the form of special verdict results in the first jury fixing the amount of medical expenses they find properly chargeable to the injuries? If the further medical care involves new evidence of the same or other permanent injury — do we then only allow their bills but not their testimony on the conditions they found or the results thereof? How then does the injured party establish that such additional medical expenses were reasonable and necessary or resulted from injuries received in the accident?
I basically agree with a continuing effort to minimize or eliminate the disposition of cases through blind adherence to unnecessarily technical rules or rigid allegiance to outmoded legal principles and doctrines that result in injustice. The law and the procedure of litigation, however, should be stable, meaningful and orderly. Lawyers and litigants should be afforded every fair opportunity for a determination of their case on the merits. Once this is accorded they should be bound by the result. Basic, tested, meaningful rules of procedure and legal principles for determining litigation and the rights of parties are necessary and invaluable.
Res judicata is one of the most accepted and well settled doctrines in the history of jurisprudence. It has its well established exceptions. In essence it means that a final judgment rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of the rights, questions, facts and justiciable issues between the parties and their privies arising out of a given transaction or occurrence. 19 Fla.Jur., Judgments § 100, p. 107 (1957). It is founded upon both public policy and the interests of litigants and requires that there be an end to litigation, which, without the doctrine, would be endless. 19 Fla.Jur., Judgments § 104, pp. 113-114 (1957).
The pleadings and believable evidence conferred jurisdiction on the trial court that was not ousted by the specific findings of the jury under the special verdict. Analogously, the dollar jurisdictional limit (normally set by legislative action) of the court is not dependent on the amount actually recovered but rather on the amount claimed or placed in controversy in good faith. See Article V, Section 6, Florida Constitution; Section 26.012, Florida Statutes (1975) (Jurisdiction of Circuit Court); Section 34.01, Florida Statutes (1975) (Jurisdiction of County Court); Tantillo v. Miliman, 87 So.2d 413 (Fla.1956); Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225 (Fla.1926); A. Mortellaro & Co. v. Atlantic Coastline R. R. Co., 91 Fla. 230, 107 So. 528 (Fla.1926); Rocco v. Coffey, 163 So.2d 21 (Fla. 2d DCA 1964).
If, at the conclusion of the appellants’ case, their proof did not show or would not sustain a verdict on either of the jurisdictional requirements the court could, sua sponte, or upon motion have dismissed the case (see e. g., Hutchinson v. Courtney, 86 Fla. 556, 98 So. 582 (Fla.1923).
*103 Similarly, the appellants might choose to take a voluntary dismissal, as of right, at any time up to the retirement of the jury. Fla.R.Civ.P. 1.420.
In Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla.1974), the supreme court approved a dismissal without prejudice if the plaintiff’s pleadings failed to establish either of the jurisdictional thresholds but there was a likelihood that the medical expenses might have subsequently exceeded the threshold. (See Footnotes 1 & 2 and page 23 of the opinion.) Parenthetically I would comment that the supreme court did not foreclose a dismissal with prejudice under different circumstances. It certainly was not dealing with a final judgment after a verdict — special or general — upon a full trial.
The First District Court of Appeal reviewed the correctness of a trial court’s summary judgment with prejudice where the depositions and interrogatories failed to establish the plaintiff had cleared either of the thresholds. They reversed and required the summary judgment to be reentered without prejudice. Smith v. United States Fidelity & Guaranty Co., 305 So.2d 216 (Fla. 1st DCA 1974). A different result might have been reached had the depositions and interrogatories established that the plaintiff had not and could not cross either threshold.
The Third District Court of Appeal has come nearer facing the question in the case of Allstate Insurance Co. v. Ruiz, 305 So.2d 275 (Fla. 3d DCA 1974). In that case the trial court determined that a prima facie case was made by the plaintiff on the threshold question. It submitted the case to the jury and a general verdict was returned for the plaintiff in the amount of $7,750. The trial court also submitted an interrogatory to the jury asking whether the plaintiff had received a “permanent injury.” (Apparently the medical expenses clearly did not exceed the threshold amount.) The question was answered in the negative by the jury. The trial court entered final judgment for the plaintiff on the general verdict of the jury, reasoning that the threshold determination was solely for the court and had been determined adversely to the defendant at the appropriate stage of the trial. The Third District Court of Appeal reversed for entry of a final judgment solely for the property damage on the grounds that the question on permanency — under the evidence — was properly a jury question and their negative finding on that issue mandated a final judgment in accord therewith.
I would affirm the entry of the final judgment by the trial court in the case here considered and foreclose the filing of any new action thereon.