354 So.2d 882 (1978)
Judge James P. CALHOUN, and Maria Contino, Petitioners,
v.
NEW HAMPSHIRE INSURANCE COMPANY and Lola Pittman, Respondents.
No. 50448.
Supreme Court of Florida.
January 19, 1978.
*883 Mulholland, Kinney & Anderson, Tampa, and David A. Maney of Gordon & Maney, Tampa, for petitioners.
William M. Schneikart of Miller, McKendree & Somers, Tampa, for respondents.
ENGLAND, Justice.
By petition for a writ of certiorari to the Second District Court of Appeal, we are asked to review a decision of that court construing the personal injury lawsuit threshold provision of Florida's no-fault insurance statute.[1] The district court held that an injured plaintiff who has claimed damages in excess of the threshold, been accorded a full jury trial and suffered a jury verdict finding that the defendant was not negligent, will not be permitted to re-litigate the same cause of action simply because special interrogatories to the jury also indicated that the plaintiff neither sustained permanent injury nor incurred reasonable and necessary medical expenses in excess of $1,000. New Hampshire Insurance Co. v. Calhoun, 341 So.2d 777 (Fla. 2d DCA 1976).
Petitioners assert conflict between that decision and two decisions of the Third District Court of Appeal to the effect that an injured plaintiff may re-litigate the same claim under similar circumstances. Wooten v. Collins, 327 So.2d 795 (Fla. 3d DCA 1976); Marquez v. Mederos, 307 So.2d 873 (Fla. 3d DCA 1975). In each of those cases the court held that a trial court will lose subject matter jurisdiction over the lawsuit, and thereby become impotent to enter final judgment, whenever it is determined that a no-fault threshold has not been reached. We accepted jurisdiction in this case to harmonize this dichotomy between the districts.[2]
Jurisdiction over the subject matter refers to a court's power to hear and determine a controversy. See Bohlinger v. Higgenbothan, 70 So.2d 911 (Fla. 1954). Generally, it is tested by the good faith allegations, initially pled, and is not dependent upon the ultimate disposition of the lawsuit. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). We find nothing in the no-fault insurance law whatsoever to indicate that the legislature intended to hinge the subject matter jurisdiction of Florida trial courts on the fact-finder's determination that an injury was not permanent and the amount of damages was $1,000 or less. Neither the language of the statute nor its history supports so drastic a notion.[3]
Once a no-fault lawsuit has properly been submitted to a jury and a finding of non-negligence has been made, it is immaterial to the jurisdiction of the court whether the jury also finds an absence of permanent injury and compensable expenses of $1,000 or less. The controversy between the two parties has at that point been fully litigated and concluded.[4] See *884 Farnsworth v. Allstate Insurance Co., 343 So.2d 100, 101 (Fla. 2d DCA) (Ott, J., concurring specially), aff'd, No. 51,475 (Fla. 1978). And see Tucker v. Walker, 335 So.2d 636 (Fla. 2d DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1977).
The threshold requirement of the no-fault law is no different than the dollar threshold requirement for submission of a claim to the circuit rather than the county court.[5] In those cases the circuit court does not lack subject matter jurisdiction merely because the claimant subsequently fails to establish damages at least equal to the original jurisdictional limit. Tantillo v. Miliman, 87 So.2d 413 (Fla. 1956); Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976).
Our holding as to the purport of the no-fault insurance statute on this issue is fully consistent with our decision in Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). There, although we allowed the plaintiff a second opportunity to pursue her tort action against the defendant, her initial complaint failed to allege threshold damages, she had not submitted her case to a jury, and there had been no adverse determination of defendant's negligence. The problem addressed in Lasky was one of pleading jurisdiction, a matter now resolved by a preliminary judicial inquiry to test whether the statutory thresholds have been met.[6]
The Wooten and Marquez decisions are disapproved to the extent they are inconsistent with our conclusions, and the decision of the Second District Court of Appeal in this case is affirmed.
OVERTON, C.J., and BOYD, SUNDBERG and KARL, JJ., concur.
HATCHETT, J., concurs in result only.
ADKINS, J., dissents.
NOTES
[1] § 627.737, Fla. Stat. (1975), entitled "Tort exemption; limitation on right to damages", provides:

"(2) In any action of tort brought against the owner... of a motor vehicle ... a plaintiff may recover damages ... because of bodily injury ... only in the event that the benefits which are payable for such injury ... exceed $1,000 or the injury . .. consists in whole or in part of ... permanent injury within reasonable medical probability... ."
In 1976 this provision was amended (Ch. 76-266, § 5, Laws of Florida), and repealed effective July 1, 1982 (Ch. 76-168, § 3(3)(ff), Laws of Florida). The amended law is not before us, but the issues considered in this proceeding are applicable to rights and procedures under the amended statute.
[2] Art. V, § 3(b)(3), Fla. Const.
[3] In fact, a 1976 amendment to the statute indicates the contrary. Ch. 76-266, § 5, Laws of Florida, enacted § 627.737(3), Fla. Stat. Ann. (West Supp. 1977), to permit a judicial inquiry concerning threshold requirements.
[4] Similarly, plaintiff has had his or her day in court and may not re-litigate with the defendant on the same claim if a jury verdict of negligence results but the jury does not find permanency and the award of damages is $1,000 or less. (A finding of either permanency or damages over $1,000, coupled with the negligence determination, will of course entitle the plaintiff to a final judgment.) The doctrine of res judicata applies equally to issues of liability and damages, and once a jury has determined that the damages caused to this plaintiff by the defendant are non-permanent and aggregate $1,000 or less, plaintiff should not be permitted to force defendant into a second legal defense of additional damages. Nothing in logic or in the theory of a threshold statute commends such a result, and we disapprove the suggestion to the contrary in Tucker v. Walker, 335 So.2d 636, 638 (Fla. 2d DCA 1976), cert. denied, 341 So.2d 1086 (Fla. 1977), and in the footnotes in the district court's opinion on rehearing in this proceeding. 341 So.2d at 778 n. 1, 2.
[5] See § 34.01(1), Fla. Stat. (1975).
[6] § 627.737(3), Fla. Stat. Ann. (West Supp. 1977).