KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from an order dated September 30, 1976, dismissing their complaint with prejudice pursuant to appellees’, defendants below, amended motion to dismiss. For the reasons set forth below, we affirm.
Appellant Fernando Valdes was involved in an automobile accident with appellee Ernesto Rúas. As a result of that accident, Valdes sued Rúas and his insurer for personal injuries sustained in the accident. After a jury trial, a verdict was returned in which it was found that Valdes had not sustained a permanent injury or incurred medical expenses exceeding $1000 as required by the Florida Automobile Reparations Reform Act. Pursuant to this verdict the trial court entered a final judgment thereon (Circuit Court of Dade County, Case No. 75-37848). Subsequently, Valdes again sued Rúas and his insurer for personal injuries sustained in the same accident which was the subject matter of the previous litigation. The complaint alleged, among other things, that (1) appellees were not tort exempt because Valdes had now incurred reasonable medical expenses in excess of $1000, and (2) the injuries were permanent in nature. See Section 627.737, Florida Statutes (1975). Appellees filed a motion, as amended, to dismiss the complaint contending that the final judgment rendered in the prior suit between the parties and the doctrine of res judicata barred the filing of this action. The trial court granted the motion and entered an order dismissing the complaint with prejudice. This appeal followed.
Appellants contend that the trial court erred in dismissing their complaint with prejudice because, at the time of the filing of their complaint, they met the requirements set forth in Section 627.737, Florida Statutes (1975), and that the action was not barred by the doctrine of res judicata.
In two prior decisions of this court, Wooten v. Collins, 327 So.2d 795 (Fla.3d DCA 1976), and Marquez v. Mederos, 307 So.2d 873 (Fla.3d DCA 1975), we held that a trial court would lose subject matter jurisdiction over a lawsuit, thereby becoming impotent to enter final judgment thereon, whenever it was determined that the no-fault threshold requirements of Section 627.737, Florida Statutes (1975), had not been met. How *1271 ever, in the recent case of Calhoun v. New Hampshire Insurance Co., No. 50, 448, 354 So.2d 882 (Fla. Jan. 19, 1978) [hereinafter cited as “Calhoun”], the Supreme Court of Florida has disapproved of this principle. In so doing, it stated as follows:
“Jurisdiction over the subject matter refers to a court’s power to hear and determine a controversy. See Bohlinger v. Higgenbotham, 70 So.2d 911 (Fla.1954). Generally, it is tested by the good faith allegations, initially plead, and is not dependent upon the ultimate disposition of the lawsuit. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). We find nothing in the no-fault insurance law whatsoever to indicate that the legislature intended to hinge the subject matter jurisdiction of Florida trial courts on the fact-finder’s determination that an injury was not permanent and the amount of damages was $1000 or less.”
The Court further opined that once a no-fault lawsuit has been properly submitted to a jury and a finding of negligence or non-negligence has been made, it is immaterial to the jurisdiction of the court whether the jury also finds an absence of permanent injury and compensable damages of $1000 or less. From this, the Court concluded that, at this point, the controversy between the parties has been fully litigated and concluded. In reaching this conclusion, the Court went on to say that the doctrine of res judicata applies equally to issues of liability and damages, and once a jury has determined that the damages caused to a plaintiff by the defendant are non-permanent and aggregate $1000 or less, the plaintiff should not be permitted to force the defendant into a second legal defense of additional damages.
In Calhoun, the plaintiff suffered a jury verdict finding that the defendant was not negligent and, pursuant to special interrogatories to the jury, that the plaintiff neither sustained permanent injury nor incurred reasonable and necessary medical expenses in excess of $1000. New Hampshire Insurance Co. v. Calhoun, 341 So.2d 777 (Fla.2d DCA 1976). In the case sub judice, pursuant to manner in which the case was presented to the jury, i. e., the jury was instructed to answer interrogatories about the issues of permanency and medical expenses prior to determining the question of liability, the jury returned a verdict finding that the threshold requirements had not been met. Because of these instructions, the jury did not return a verdict on the question of liability. In the light of the clear expression of policy stated by the Court in its opinion and dicta in Calhoun, we are of the opinion that the principles set forth in that case are equally applicable to the facts of the instant case. Therefore, we hold that the trial court did not err in dismissing appellant’s complaint with prejudice because, based on the reasons and the authority set forth above, it was barred by the doctrine of res judicata.
Affirmed.