SCHWARTZ, Judge
(dissenting).
I believe that the issue of whether the no-fault threshold has been crossed goes to the right of the injured party to recover damages from the defendant and thus, correctly viewed, to the issue of liability in the case. See Calhoun v. New Hampshire Ins. Co., 354 So.2d 882 (Fla.1978); Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla.1974); *1251 Sec. 627.737(2), Fla.Stat. (1975). Since the allegations in the complaint to this effect were deemed admitted by the default entered below, it was, in my view, therefore improper to instruct the jury concerning the threshold, and to enter judgment for the defendant upon the jury verdict that the threshold had not been achieved. The trial below should have been concerned only with the monetary value of the injuries the plaintiff had sustained. I would therefore reverse the judgment below and remand for such a trial now to be conducted.