ON MOTION TO DISMISS
ROBERT P. SMITH, Jr., Chief Judge.
In support of his motion to dismiss this appeal by the employer and carrier, Rupp urges that the appeal was untimely in that the notice of appeal was not filed within 30 days after rendition of the principal order of which review is sought, though it was filed within 30 days after the deputy later amended the order to remedy an omission of findings supporting an award of attorney’s fees.
Conceding the applicability of the rule that amending a prior compensation order “in an immaterial way” does not begin again the time for appeal, St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971), we apply that rule with liberality. We do that not necessarily to encourage the appeals that may thereby be saved but to encourage the deputy and parties, within the 30-day period before a compensation order becomes final, to correct remediable errors that might otherwise inspire needless appeals. Section 440.25(4)(a), Florida Statutes (1981); Suarez v. American Building Maintenance, et al., 412 So.2d 32 (Fla. 1st DCA 1982); Genuine Parts Co. v. Morris, 409 So.2d 156 (Fla. 1st DCA 1982); Acosta Roofing Co. v. Giliyard, 402 So.2d 1321 (Fla. 1st DCA 1981).
The amendment to the compensation order adding a paragraph finding bad faith as a predicate for the antecedent attorney’s fee award was a substantial amendment. The time for appeal began again when the amended order was rendered, the appeal was timely, and appellant’s motion to dismiss, which is not otherwise meritorious, is DENIED.
McCORD and BOOTH, JJ., concur.