511 So.2d 293 (1987)
SKY LAKE GARDENS RECREATION, INC., Petitioner,
v.
DISTRICT COURT OF APPEAL, THIRD DISTRICT, Sky Lake Gardens, No. 1, Inc., Sky Lake Gardens No. 3, Inc., and Sky Lake Gardens No. 4, Inc., Respondents.
No. 70057.
Supreme Court of Florida.
July 16, 1987.
Rehearing Denied September 11, 1987.
*294 Arthur J. England, Jr. and Charles M. Auslander of Fine, Jacobson, Schwartz, Nash, Block & England, P.A., Miami, for petitioner.
Robert D. Scharf of Weinstein & Scharf, P.A., Coral Springs, for respondents.
PER CURIAM.
Petitioner filed a petition for a writ of mandamus against the Judges of the Third District Court of Appeal. The petition questions the authority of the district court to dismiss petitioner's appeal as untimely filed.
Petitioner Sky Lake Gardens Recreation, Inc., was involved in litigation in circuit court against three condominium associations. A final judgment was entered on August 20, 1986. The condominium associations filed a motion to amend the final judgment as authorized by Florida Rule of Civil Procedure 1.530(g). An amended final judgment was rendered on September 22, 1986. Petitioner filed its notice of appeal on October 17, 1986. Petitioner argues that the district court of appeal improperly dismissed its appeal.
The district court's dismissal of petitioner's appeal as untimely filed was a determination of lack of jurisdiction. Mandamus is an appropriate remedy to correct a determination of lack of jurisdiction on the part of a district court of appeal. State ex rel. Gaines Construction Co. v. Pearson, 154 So.2d 833 (Fla. 1963); New Hampshire Insurance Co. v. Calhoun, 341 So.2d 777 (Fla. 2d DCA 1976); aff'd, 354 So.2d 882 (Fla. 1978).
Florida Rule of Appellate Procedure 9.020(g), defining "rendition" provides as follows:

Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
(Emphasis added). A motion to alter or amend a final judgment is an authorized motion. Fla.R.Civ.P. 1.530(g). The motion to amend the final judgment in this case was timely filed. Thus the date of rendition was not the date of the original final judgment but was the date of the disposition of the motion to amend. Disposition was effected by the filing of the amended final judgment. Therefore, the date of rendition was the date of filing of the amended final judgment. State ex rel. Park Towers Associates, Ltd. v. District Court of Appeal, Third District, 221 So.2d 136 (Fla. 1969); Wakulla Wood Products v. Richey, 465 So.2d 660 (Fla. 1st DCA 1985); Duval County School Board v. Rupp, 414 So.2d 556 (Fla.1st DCA 1982). We therefore conclude that petitioner's appeal was timely filed and should not have been dismissed.
Having determined that the district court improperly dismissed petitioner's appeal, we further conclude that the district court has a ministerial duty to consider and decide the appeal. We presume that the district court of appeal will perform its duty and reinstate the appeal and we therefore withhold the formal issuance of the writ of mandamus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.