ON APPELLEE’S MOTION TO DISMISS
PER CURIAM.
Appellant was involved in an' accident which confined him to a wheelchair and which the self-insured employer accepted as compensable. A settlement was made on the benefits and the appellant subsequently built a new home. He filed a claim, seeking to have the entire cost of the home paid for by the employer. The Judge of Compensation Claims (JCC) entered an order finding that the carrier was responsible for a certain percentage of the cost of the home, those additional costs which were incurred to make it wheelchair accessible. The order entered March 9, 1990, stated that the employer’s position was that it denied responsibility for the cost of any modifications to the home. In fact, appellee had agreed to pay for some modifications, but disputed the claim for the cost of the entire home. The employer requested the March 9 order be vacated to permit correction of that statement of its legal position. The JCC entered a corrected order on March 21 and a notice of appeal was filed on April 4. The notice, however, recites that appellant is seeking review of the order of March 9.
The appellee moves to dismiss this appeal, contending that the order of March 9 was vacated and that a substantive change was made when the JCC entered an amended order. Since the appellant is seeking review of a vacated order and has not timely sought review of the amended order, appellee argues this court is without jurisdiction. Appellant opposes dismissal, conceding that the notice of appeal identifies the wrong order as the subject of this appeal, but asserting that the appellee has not even alleged any prejudice as a result of the defect in the notice of appeal. This is the standard by which an appellate court determines whether a defect in a notice of appeal is jurisdictional. Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla.1966); Wemett v. State, 536 So.2d 349 (Fla. 1st DCA 1988). Further, appellant argues that the amendment to the order was not material. Where a workers’ compensation order is amended in an immaterial way, the time for taking an appeal does not begin again. Duval County School Board v. Rupp, 414 So.2d 556 (Fla. 1st DCA 1982). That rule would not apply in this situation, however, where the original order is vacated and another, amended, order is entered by the JCC. See Fla.W.C. R.P. 4.141(a) and (b).
We nevertheless deny the motion to dismiss. The notice of appeal contains a scrivener’s error but appellee has failed to demonstrate that the defect is jurisdictional. An analogous problem was addressed in Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981). There our sister court considered en banc the question whether a notice of appeal which purports to seek review of an order denying a motion for new trial was so defective that the appellant could not obtain review of the subsequent final judgment. That question was answered negatively and we believe a similar result should be reached in this case. Accordingly, appellee’s motion to dismiss this appeal is DENIED.
WENTWORTH, NIMMONS and ALLEN, JJ., concur.