ORDER ON APPELLEE’S MOTION TO DISMISS
PER CURIAM.
Appellants, Florida Sugar Cane League, Inc, and the Florida Fruit and Vegetable Association (League), filed a petition with the Department of Environmental Regulation (department) to initiate rule-making concerning water quality standards for the Florida Everglades. The petition was denied by an order of May 15, 1991. On May 21, counsel for the League wrote to the Secretary of the department, complaining of a purported factual misrepresentation in the order. On June 7, the department issued an order which treated the letter as a motion to amend a clerical error in the order and the motion was *545 granted. The department concluded, however, that the decision to deny the petition was nevertheless correct and the letter, treated as a motion for rehearing, was otherwise denied. On June 14, 1991, the League filed a notice of appeal of the “apparent final order” of May 15.
The department now moves for dismissal of this appeal for lack of jurisdiction. It argues that the order of May 15 was superseded and rendered null and void by the amended final order of June 7. Appellants oppose dismissal, pointing out that the order of June 7 failed to expressly state that the earlier order was vacated. Even if that were the effect of the June 7 order, the notice of appeal is timely as to it and this court’s jurisdiction has been timely invoked.
We agree with appellants that the notice of appeal is timely as to whichever of the department’s two orders are final and ap-pealable.[1]
Although not articulated by the ap-pellee, there is an implied argument in the motion to dismiss that the order of June 7 was final and that appellee’s identification of the May 15 order in the notice of appeal has resulted in a jurisdictional defect. The identification of the wrong order in a notice of appeal, without more, is not grounds for dismissal. Skinner v. Florida Power Corp., 564 So.2d 572 (Fla. 1st DCA 1990); Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981).
Based on the foregoing, we find no merit to appellee’s motion to dismiss and accordingly, it is DENIED.
SHIVERS, WIGGINTON and ZEHMER, JJ., concur.

. Because the notice of appeal is timely as to both orders, it is unnecessary for this court to determine at this time which one is ''final” for purposes of invoking appellate jurisdiction. If such a determination were required, it would appear the agency is correct that the June 7 order is appealable. Taylor v. Department of Professional Regulation, 520 So.2d 557 (Fla.1988).