# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0598
Lower Tribunal No. 22-22846-CA-01
_____


**Eliduvir Carvajal Sanchez,**
Appellant,

vs.

**Milagros Irizarry,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Eliduvir Carvajal Sanchez, in proper person.

CRL Law Group, and Laudy Luna, for appellee.


Before LOGUE, C.J., and SCALES and GOODEN, JJ.

PER CURIAM.

On March 6, 2024, the trial court in this action to quiet title entered a default final judgment ("Final Judgment") against the defendant below, Eliduvir Carvajal Sanchez, that: (i) determined Milagros Irizarry, the plaintiff below, is the fee simple owner of the subject property; (ii) granted Irizarry exclusive possession of the property; and (iii) directed the issuance of a writ of possession.[1] While not entirely clear from Sanchez's *pro se* notice of appeal, it appears from Sanchez's briefing that she is challenging: (i) the Final Judgment; (ii) a November 22, 2023 interlocutory order denying Sanchez's motion to vacate a July 26, 2023 judicial default that resulted in the Final Judgment ("Default Order"); and (iii) a March 6, 2024 order determining that Sanchez owes Irizarry $28,500 in rent for Sanchez's use of the subject property from December 1, 2022, to February 1, 2024 ("Rent Order").[2] We affirm the challenged orders.

---

[1] The trial court docket reflects that the writ of possession issued on March 7, 2024; that Sanchez was served with the writ on March 15, 2024; and that the sheriff executed the writ on April 3, 2024.

[2] See Fla. Sugar Cane League, Inc. v. Fla. Dep't of Env't Regul., 602 So. 2d 544, 545 (Fla. 1st DCA 1991) (observing that identifying the wrong order in the notice of appeal is not a jurisdictional defect where the notice was still timely as to the order that should have been identified in the notice).

Regarding the Default Order, the trial court did not abuse its discretion[3] in denying Sanchez's motion to vacate the judicial default. The record reflects that the trial court gave Sanchez ample opportunity to respond to Irizarry's lawsuit, and Sanchez's motion to set aside the default was legally insufficient because it did not assert a meritorious defense to Irizarry's claims to quiet title and to evict Sanchez. See Joe-Lin, Inc. v. LRG Rest. Grp., 696 So. 2d 539, 541 (Fla. 5th DCA 1997) ("A defendant's failure to retain counsel or a defendant's failure to understand the legal consequences of his inaction is not excusable neglect."); see also Hill v. Murphy, 872 So. 2d 919, 921 (Fla. 2d DCA 2003) ("Counsel's bare assertion in an unsworn motion that the defendant has a meritorious defense is legally insufficient to allow the court to set aside the default.").

Next, having determined that the trial court did not abuse its discretion in entering the Default Order, we similarly find no error in the trial court's entry of the resulting Final Judgment. Finally, the Rent Order logically flows from the Final Judgment, and the amounts awarded therein are supported by the record evidence presented to the trial court.

---

[3] See Dessberg v. Sarasota Harbor E. Ass'n, 369 So. 3d 1172, 1174 (Fla. 2d DCA 2023) ("We review an order denying a motion to vacate a judicial default for abuse of discretion.").

3

Affirmed.