297 So.2d 858 (1974)
Steven O. JOHNSON, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY et al., Appellees.
No. 73-803.
District Court of Appeal of Florida, Fourth District.
July 26, 1974.
*859 Salvatore D. DeFelice, Fort Lauderdale, for appellant.
Frank E. Maloney, Jr., and Paul R. Regensdorf, Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
MAGER, Judge.
This appeal presents the question of whether the provisions of the Florida Automobile Reparations Reform Act (commonly referred to as the "no-fault" insurance act) are applicable to a nonresident who receives bodily injuries while a passenger in an automobile being operated in the State of Florida. If the no-fault act is applicable then the passenger is entitled to the personal injury protection benefits provided in such act and is precluded from maintaining a tort action for personal injury except under certain limited circumstances prescribed in the act.
Plaintiff-appellant Johnson was a passenger in an automobile operated by one Stockton. Johnson filed a tort action seeking damages against one Christensen and his insurer, Liberty Mutual Insurance Company, and against State Farm Mutual Automobile Insurance Company, the insurer for Stockton. Johnson alleged he suffered physical injuries as a result of a collision in Plantation, Florida between a motor vehicle negligently operated by Christensen, which collided with the motor vehicle owned by Stockton, in which plaintiff was a passenger. Johnson further alleged that at the time of the collision he was a resident of the State of Missouri.
After various pleadings, amendments, motions and affidavits, the trial court entered a summary judgment in favor of Christensen (and Liberty Mutual) on the basis of the tort exemption provisions of sec. 627.737, F.S.[1] In reviewing the provisions of the "no-fault" act we are of the view that the tort exemption provisions of the act are applicable to nonresidents receiving injuries while passengers in a motor vehicle operating in this state. The *860 pertinent portion of the exemption provision set forth in 627.737 is as follows:
"627.737 Tort exemption; limitation on right to damages

(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by §§ 627.730-627.741, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in § 627.736(1) are payable for such injury, or would be payable but for any exclusion or deductible authorized by §§ 627.730-627.741, under any insurance policy or other method of security complying with the requirements of § 627.733, or by an owner personally liable under § 627.733 for the payment of such benefits, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2)."
The record clearly establishes that security had been provided by both drivers (Stockton and Christensen) as required by sec. 627.733, F.S. Under the terms and provisions of sec. 627.736, F.S., every insurance policy complying with the security requirements of sec. 627.733 shall provide personal injury protection. In particular sec. 627.736(4)(d)4:
"627.736 Required personal injury protection benefits; exclusions; priority

"...
"(4) Benefits; when due.

"...
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
"...
"4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
"a. The owner of a motor vehicle with respect to which security is required under §§ 627.730-627.741, or
"b. Entitled to personal injury benefits from the insurer of the owner of such a motor vehicle.
"(e) If two or more insurers are liable to pay personal injury to any one person the maximum payable shall be as specified in subsection (1), and any insurer paying the benefits shall be entitled to recover from each of the other insurers an equitable pro rata share of the benefits paid and expenses incurred in processing the claim."
It is clear that an insurer is required to pay personal injury protection benefits for bodily injury "sustained in this state by any other person while occupying the owner's motor vehicle". The phrase "any ... person" makes no distinction whatsoever as to the residency of the injured person so long as the person is injured "in this state ... while occupying the owner's motor vehicle". A resident passenger and a nonresident passenger have equal access to the courts and are equally subject to the same restrictions, limitations and conditions. Therefore, if the owner of a motor vehicle complies with the security requirements of the act he is immune from tort liability to the extent as prescribed therein irrespective of whether the tort action is maintained by a resident or a nonresident.
The recent revised opinion of the Supreme Court of Florida, Lasky v. State Farm Insurance Company, 296 So.2d 9, opinion filed April 17, 1974, in sustaining the constitutional validity of sec. 627.737, points out the inapplicability of the decision of Kluger v. White, 281 So.2d 1 (Fla. *861 1973), upon which plaintiff Johnson relies. In this regard, suffice it to refer to the following observation made by the Supreme Court in Lasky, at p. 15:
"... The property provisions considered in Kluger did not allow any reasonable alternative to the traditional tort action; the provisions of F.S. § 627.737, F.S.A., do provide a reasonable alternative to the traditional action in tort, and therefore do not violate the right of access to the courts guaranteed by Art. I, § 21, Fla. Const."
Although the decision in Lasky did not deal squarely with the applicability of the act to nonresidents and the question of a nonresident's access to the court (with which we deal directly here) there is sufficiently persuasive dicta in Lasky suggesting that the act constitutes a reasonable restraint on nonresidents:

"RESTRAINT ON NON-RESIDENTS' RIGHT TO TRAVEL
"Appellants argue that the provisions of F.S. § 627.737, F.S.A., infringe unconstitutionally on the rights of non-residents to travel to or in the State of Florida. We need not reach the merits of this contention, since the record clearly reflects that appellants are residents of this state and hence without standing to invoke this argument. It seems apparent, however, that non-residents invoking the privilege of operating dangerous instrumentalities over Florida highways do so subject to Florida's restrictions and regulations thereon." (at p. 23)
In our view, the trial court's well reasoned decision constitutes a correct analysis and interpretation of the Florida Automobile Reparations Act. Accordingly, the summary final judgment is affirmed.[2]
OWEN, C.J., and DOWNEY, J., concur.
NOTES
[1] Johnson took a voluntary dismissal as to the defendant State Farm Mutual Insurance Company.
[2] It should be pointed out with particularity that the only issue involved in this litigation is the immunity issue and its applicability to move nonresidents. Our determination that the tort exemption provision of the Florida Automobile Reparations Act is applicable to nonresidents should not be interpreted as passing upon any other aspect of any claim that Johnson may have under the applicable provisions of the act. In other words, nothing contained herein should be construed as precluding Johnson from having access to the court if and when he brings himself within the applicable requirements of the act permitting the suit to be maintained.