333 So.2d 488 (1976)
Paul B. FAULKNER and Annie W. Faulkner, Appellants,
v.
ALLSTATE INSURANCE COMPANY and Robert J. Leary, Appellees.
No. 75-318.
District Court of Appeal of Florida, Second District.
June 16, 1976.
Rehearing Denied July 9, 1976.
*489 Bill Wagner, of Wagner, Cunningham, Vaughan, May & Genders, Tampa, for appellants.
Edward M. Waller, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellees.
BOARDMAN, Judge.
The focal issue to be decided on this appeal is whether the wife loses her right of action for loss of consortium when her husband, who is injured in an automobile accident because of the negligence of a third person, does not meet at least one of the threshold requirements of the Florida no-fault insurance law. The trial court was of the opinion that she did. We agree and affirm.
The facts of this case are not disputed. Plaintiff/appellant, Paul B. Faulkner, sued the defendant/appellee, Robert J. Leary, alleging that Leary negligently operated his automobile causing a collision with an automobile operated and owned by him. The amended complaint claimed damages for personal injury and property damage against Leary and the applicable liability insurance company. Appellant was joined in the amended complaint by his wife, Annie W. Faulkner, who sought damages for loss of consortium as a result of the injuries to her husband caused by the negligence of Leary. Appellees, in their answers and defenses, denied negligence, alleged contributory negligence, and stated as their second defense that appellants "... have no cause of action against [appellees] in that [appellants] have not complied with terms and requirements of the Florida Automobile Reparations Act and therefore have no cause of action against these [appellees]." Fla. Stat. § 627.730-741, effective January 1, 1972.
The cause came on for trial by jury upon the issues as formed. At the conclusion of all the testimony, attorney for appellants orally moved the court for a directed verdict on the issue of liability and, after argument, the motion was granted.
The court properly instructed the jury with regard to all items of compensable damages that each appellant would be entitled *490 to under the law of Florida and under the facts of the case. It was over appellants' timely objection that the court instructed the jury, in substance, that if Paul Faulkner had not met one of the threshold provisions of the no-fault insurance law the jury was to return a verdict in favor of the appellees and against the appellants on all their asserted claims. We think it helpful to set out the applicable instruction concerning the special verdict under attack by appellants.
THE COURT: ...
* * * * * *
First, you will consider the special verdict. This has three questions on it, a place to be answered yes or no to each question.
Question one; do you find from the evidence that the Plaintiff sustained a permanent injury as a result of the automobile accident with Robert J. Leary? You will answer that question yes or no.
Question number two is; do you find from the evidence that the Plaintiff has sustained medical expenses that total in excess of one thousand dollars as a result of the automobile accident with Robert J. Leary? That will be answered yes or no.
Question number three; do you find from the evidence that Plaintiff has sustained total medical expenses and lost earnings of five thousand dollars or more, as a result of the automobile accident with Robert J. Leary? You will answer that question yes or no.
* * * * * *
If you find each of these three questions are answered no, then the form of your verdict would be: we the jury find in favor of the Defendants Allstate Insurance Company, Daniel Robert Leary, and Robert J. Leary and against the Plaintiffs Paul B. Faulkner and Annie W. Faulkner... .
After consideration, the jury returned its verdict against both appellants.
The case presents a novel question and insofar as our research disclosed we have not found a case from Florida or any other jurisdiction in which the precise question confronting us was considered and decided.
The nearest case we have found dealing with a somewhat analogous factual situation as that presented here is the case of Marquez v. Mederos, Fla.App.3d, 1974, 307 So.2d 873, by our sister court. In that case, which was decided after no-fault insurance law became effective, it was held that where the son, a minor, sustained personal injuries in an automobile accident, but did not reach one of the threshold requirements, the father's claim for loss of services, being derivative in nature, was barred.
Similarly, in another case somewhat analogous, but prior to no-fault, this court held in Dobbins v. S.A.F. Farms, Inc., Fla. App.2d, 1962, 137 So.2d 838, that a husband could not claim for loss of consortium against an employer who was liable to the wife for Workmen's Compensation.
In neither of the foregoing cases, however, was it urged, as it is here, that the statutes involved were given unconstitutional application as to the plaintiff in that the plaintiff was denied "access to the courts" for redress of a legally recognized injury, in violation of Section 21, Declaration of Rights, Constitution of the State of Florida, and in that, additionally, the plaintiff was denied equal protection. While the points are well argued, we nevertheless reject them.
The equal protection argument falls, we think, because, in our view, the threshold is a reasonable line of demarcation *491 between the classifications of those spouses married to an injured person who does not reach the threshold, (and who will recover under no-fault, thus at least vicariously, if not directly, benefiting to a legally sufficient degree the noninjured spouse) and those able to join a claim for loss of consortium in a tort action by an injured spouse who has passed the threshold. Cf. Bassett v. Merlin, Inc., Fla. 1976, 335 So.2d 273; White v. Clayton, Fla. 1975, 323 So.2d 573; Martin v. United Security Services, Inc., Fla. 1975, 314 So.2d 765.
With respect to the "access to the courts" argument, it falls for somewhat the same reasons. In the case of a husband seeking loss of consortium, other compensable damages such as medical expenses of the wife (which are his obligation to begin with) are recoverable under the no-fault provisions, and his wife, if working, may recover considerable loss of earnings  all of which inure to the direct as well as indirect benefit of the husband seeking the loss of consortium. He thus has reasonable "substituted" court access or, to put it another way, reasonable alternative relief. Lasky v. State Farm Insurance Co., Fla. 1974, 296 So.2d 9. It would seem, too, that his loss of pure "consortium," now a nebulous intangible in the first place, would be presumptively de minimis in almost all cases in which the injured party did not reach the threshold, the personal injuries being presumably minor. Lasky, supra. By a parity of reasoning, save for the no-fault recovery of medical expenses, a wife seeking loss of consortium hardly fares worse. We see no unconstitutional infirmity in the application of the no-fault insurance law to the appellant-wife's claim herein.
Accordingly, the judgment appealed should be, and it is, hereby,
AFFIRMED.
McNULTY, C.J., and SCHEB, J., concur.