359 So.2d 891 (1978)
Arleen S. RICE, As Personal Representative of the Estate of Brian Rice, Deceased, Appellant,
v.
Henry WALKER and Peggy Jean Walker, D/B/a Hobby World, and Jay Greene and Rochelle Greene, D/B/a Models, Appellees.
No. 77-869.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rehearing Denied July 7, 1978.
James B. Denman & Associates, for appellant.
Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellees.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant filed a wrongful death action against the above-named appellees and others. By two orders the amended complaint was dismissed with prejudice as to the above-named appellee-defendants. The plaintiff has appealed from those orders and an order denying plaintiff's motion for rehearing.
*892 The plaintiff's decedent was killed by electrocution. That unfortunate circumstance resulted when a gas-powered model airplane with steel control wire, while being operated by him, came into contact with an overhead electric power line. The appellees were retailers who sold components of the equipment to a friend of the user. In seeking recovery from the retailers, the plaintiff alleged the products or components thereof were defective in manufacture. See West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976). Without pointing out such defects, plaintiff alleged they constituted dangerous instrumentalities in that they were not so constructed as to prevent or guard against electrocution of the user. It was alleged the items when sold by appellees were in the sealed cartons in which they were received from the manufacturers, and it was alleged the purchased articles were unchanged. The trial court found the allegations were insufficient to state a cause of action against the appellees. That ruling was not error, in view of the decision of this court in Royal v. Black & Decker Manufacturing Co., 205 So.2d 307 (Fla. 3d DCA 1968). See West v. Caterpillar Tractor Company, Inc., supra, 336 So.2d 80, 87 (Fla. 1976).
Royal was a wrongful death action. In that case the plaintiff's decedent was killed by electrocution when he plugged an electrical power tool into the socket of a live electric extension cord. In affirming an order of dismissal, this court said:
"In the case at bar, the plaintiff has failed to allege any facts from which reasonable men might conclude that the plug was unreasonably dangerous or defective. No allegations of any latent characteristics are made or of any deviation from the norm, either in comparison with similar plugs or in comparison with those customarily used for similar purposes. There are similarly no allegations that the plug did not meet the standards of the industry or that its design contained a latent functional defect."
Similarly here, while the plaintiff alleged various components including the hand-held control unit or mechanism were unsafe, the facts constituting such defects were not stated nor did the plaintiff allege facts showing how, as made, any such components were defective or dangerous to the user, or how they reasonably could or should have been made safe. In the absence thereof, the case of Royal is controlling. In argument of the appeal before this court reference was made to features of the components, including the grip or control mechanism, as having been constructed in a manner which subjected the user to dangers in certain respects, but those facts were not included in the complaint.
If plaintiff has knowledge of facts as to a dangerous condition of such items, allegation of the presence of which was held in Royal to be essential in such a case, it would serve the best interests of justice for the plaintiff to be allowed to further amend by adding such allegations to the complaint as now amended.
The judgment of dismissal as to these defendants is affirmed, but the dismissal is to be without prejudice, and the cause is remanded with direction to enter an order granting leave to the plaintiff to further amend within a time to be fixed by the court.