367 So.2d 214 (1979)
Paul B. FAULKNER et ux., Petitioners,
v.
ALLSTATE INSURANCE CO. et al., Respondents.
No. 49978.
Supreme Court of Florida.
January 4, 1979.
Rehearing Denied February 28, 1979.
Bill Wagner and Michael Foster of Wagner, Cunningham, Vaughan & Genders, Tampa, for petitioners.
Edward M. Waller, Jr. of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for respondents.
HATCHETT, Justice.
In this case we are called upon to determine whether failure to meet the threshold requirements of the Florida Automobile *215 Reparations Reform Act, hereinafter referred to as the "no-fault" insurance act, (1) deprives an injured person of his right to be compensated for property damages, (2) deprives the injured person's spouse of his or her claim for loss of consortium, and (3) bars further litigation on the matter. The Second District Court of Appeal answered these questions in the affirmative. Faulkner v. Allstate Insurance Co., 333 So.2d 488 (Fla. 2nd DCA 1976).[1] While we agree that a claim for loss of consortium, being derivative in nature, is barred by the injured spouse's failure to reach the no-fault threshold, and that failure to reach the threshold bars further litigation on the matter, we do not agree that recovery of property damages is, in any way, dependent on the statutory requirements of the "no-fault" insurance act.
Petitioner, Paul B. Faulkner, instituted a suit to recover damages for personal injury and property damage arising out of an automobile accident, Petitioner's wife joined in the suit bringing a claim for loss of consortium. At the end of the testimony, petitioners were granted a directed verdict on the issue of liability and the case was submitted to the jury on the question of damages. Over petitioner's objection, the court instructed the jury that if the "threshold" provisions of the Florida Automobile Reparations Reform Act had not been met then the jury was to return a verdict in favor of the defendants on all claims and need not reach the damages issue.[2] By special verdict the jury found that the threshold requirements had not been met. Motion for new trial was denied and final judgment was entered in favor of the defendants. On appeal, the Second District Court affirmed. Faulkner v. Allstate Insurance Co., supra.
Petitioners argue that in its decision below, the Second District Court of Appeal necessarily held that petitioners' failure to meet the threshold requirements deprived them of their right to recover all damages, including property damages and damages for loss of consortium. Such an interpretation of Florida's no-fault law is contra to the plain language of the statute. Section 627.737, Florida Statutes (1975)[3] *216 provides tort exemption for damages due to "bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use" of a motor vehicle only to the extent that the benefits described in Section 627.736[4] (reasonable medical expenses and lost earnings) are payable. Damages for pain, suffering, mental anguish, and inconvenience, are recoverable once a certain threshold is exceeded. The right to property damages exists regardless of the threshold requirements. This Court so held in Kluger v. White, 281 So.2d 1 (Fla. 1973). The Legislature's attempt to abolish the common law right of action for property damages was there held unconstitutional and those provisions of the no-fault law abolishing that right were stricken. The constitutional guaranty of a "redress of any injury" (Article I, Section 21, Florida Constitution) bars the statutory abolition of an existing remedy without providing an alternative protection to the injured party.
Respondents agree that failure to meet the no-fault threshold does not deprive a claimant of his right to be compensated for property damage. It is their position, however, that the trial judge did not instruct the jury otherwise. In his original instruction the trial judge failed to instruct the jury as to property damages. This fact was brought to his attention after the jury *217 had retired and the jury was returned to the courtroom and instructed as follows:
Pardon the interruption, ladies and gentlemen, but counsel pointed out the court did neglect to instruct you concerning property damage.
I charge you that if you find there is any proof of damage to the defendant's property, you may consider this instruction in evaluating his damages. Any damage to the plaintiff's automobile or other property, personal property. The measure of such damages is the difference between the value of the property, I believe, before the incident complained of, and the value immediately thereafter.
If you find there is any proof of property damage, you may use that to arrive at damages.
Respondents contend that the jury did not award any property damages because they found no proof of such damages, not because they were improperly instructed.
Considering the instruction regarding property damage together with the instruction regarding threshold requirements, a reasonable juror might well have believed that if the threshold requirements were not met, no damages were recoverable, even those for property loss. We therefore find that the combination of instructions given was, at the very least, confusing, probably misleading, and constituted reversible error.
Respondents also argue that, contra to the decision of the Second District Court of Appeal, a husband's or wife's claim for loss of consortium cannot be barred by failure of his or her spouse to meet the no-fault threshold, especially where a directed verdict on the issue of liability has been entered in favor of the claimant. Citing Kluger, supra, petitioners argue that the Legislature cannot constitutionally abolish the right of access to the courts without providing a reasonable alternative.
Mrs. Faulkner's claim for loss of consortium is derivative in nature and wholly dependent on her husband's ability to recover. Gates v. Foley, 247 So.2d 40 (Fla. 1971). Since Mr. Faulkner's claim is barred by his failure to meet the no-fault threshold (except as provided herein) his wife's claim is likewise barred. The Third District Court of Appeal so held in Marquez v. Maderos, supra. In that case a father's derivative claim for the loss of services of his injured minor child was barred because the minor child failed to meet the no-fault threshold. The "access to the courts" argument which prevailed in Kluger is not applicable since the spouse's claim is not abolished. It is merely limited, for reasons of sound public policy, to cases in which the injured spouse has met the threshold requirements. As reasoned by the Second District Court of Appeal in its decision below:
In the case of a husband seeking loss of consortium, other compensable damages such as medical expenses of the wife (which are his obligation to begin with) are recoverable under the no-fault provisions, and his wife, if working, may recover considerable loss of earnings  all of which inure to the direct as well as indirect benefit of the husband seeking the loss of consortium. He thus has reasonable "substituted" court access, or, to put it another way, reasonable alternative relief. Lasky v. State Farm Insurance Co., (Fla. 1974), 296 So.2d 9. It would seem, too, that his loss of pure "consortium," now a nebulous intangible in the first place, would be presumptively de minimis in almost all cases in which the injured party did not reach the threshold, the personal injuries being presumably minor. Lasky, supra. By a parity of reasoning, save for the no-fault recovery of medical expenses, a wife seeking loss of consortium hardly fares worse. We see no unconstitutional infirmity in the application of the no-fault insurance law to the appellant-wife's claim herein. Faulkner v. Allstate Insurance Co., supra, at 491.
Petitioners' final issue was resolved in our recent opinion in Calhoun and Contino v. New Hampshire Insurance Co., et al., 354 So.2d 882 (Fla. 1977). In that case we held that once a lawsuit has been properly submitted to a jury and the finding made that the plaintiff has not reached the *218 threshold requirements, a plaintiff is forever barred from recovery, even if he can thereafter establish that his damages exceed the threshold.
Accordingly, the opinion of the Second District Court is affirmed in part and reversed in part and the case remanded with directions that it be returned to the trial court for a new trial on the issue of property damages only.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
NOTES
[1] The decision of the Second District Court of Appeals directly conflicts with Kluger v. White, 281 So.2d 1 (Fla. 1973), Allstate Insurance Co. v. Ruiz, 305 So.2d 275 (Fla. 3rd DCA 1974), Smith v. U.S. Fidelity and Guaranty Co., 305 So.2d 216 (Fla. 1st DCA 1974), Tucker v. Walker, 335 So.2d 636 (Fla.2nd DCA 1976), and Johnson v. Liberty Mutual Insurance Co., 297 So.2d 858 (Fla. 4th DCA 1974). Jurisdiction vests pursuant to Art. V, Sec. 3(b)(3), Florida Constitution.
[2] The trial court instructed the jury as follows: "In order for the plaintiff, Paul Faulkner to recover damages in this action, he must establish by the greater weight of the evidence either that he sustained a permanent injury as a result of the accident or that he incurred reasonable expenses for necessary medical treatment in excess of $1,000, or that he suffered a total of $5,000 of medical expenses and lost earnings as a result of the accident. The plaintiff, Faulkner, must establish only one of these alternatives to be entitled to recovery in the case today."

"If the greater weight of the evidence supports either permanent injury of the plaintiff or reasonable necessary medical expenses in the amount of $1,000 or a total of $5,000 living expenses, loss of earnings, you may then proceed to the issue of damages. However, if you find from the evidence that the plaintiff, Paul B. Faulkner, has not sustained a permanent injury or has not incurred medical expenses totaling $1,000, or has not sustained medical expenses and lost earnings of $5,000 or more, then you will not consider the issue of damages. In this connection, you will be given a special form of verdict with questions thereon to be answered by you, and it will be your duty to answer each of these questions. If you answer each of these three questions "no," you will not consider the issue of damages, but will find a verdict for the defendants. [Emphasis added.]
[3] Sec. 627.737, Florida Statutes, provides:

(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.741, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state to the extent that the benefits described in s. 627.736(1) are payable for such injury, or would be payable but for any exclusion or deductible authorized by ss. 627.730-627.741, under any insurance policy or other method of security complying with the requirements of s. 627.733, or by an owner personally liable under s. 627.733 for the payment of such benefits, unless a person is entitled to maintain an action for pain, suffering, mental anguish, and inconvenience for such injury under the provisions of subsection (2).
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.741, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the benefits which are payable for such injury under s. 627.736(1)(a) or which would be payable but for any exclusion or deductible authorized by ss. 627.730-627.741 exceed $1,000 or the injury or disease consists in whole or in part of permanent disfigurement, a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of a bodily function, or death. Any person who is entitled to receive free medical and surgical benefits shall be deemed in compliance with the requirements of this subsection upon a showing that the medical treatment received has an equivalent value of at least $1,000. Any person receiving ordinary and necessary services normally performed by a nurse from a relative or a member of this household shall be entitled to include the reasonable value of such services in meeting the requirements of this subsection.
[4] Section 627.736, Florida Statutes, provides in pertinent part:

(1) REQUIRED BENEFITS.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle or motorcycle, all as specifically provided in subsections (2) and (4)(d), to a limit of $5,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits.  All reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his religious beliefs.
(b) Disability benefits.  One hundred percent of any loss of gross income and loss of earning capacity per individual, unless such benefits are deemed not includable in gross income for federal income tax purposes, in which event such benefits shall be limited to 85 percent, from inability to work proximately caused by the injury sustained by the injured person, plus all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed without income for the benefit of his household. All disability benefits payable under this provision shall be paid not less than every 2 weeks.