432 So.2d 174 (1983)
Paul McDANIEL and Margaret McDaniel, Appellants,
v.
Duane R. PRYSI and William Prysi, Appellees.
No. 82-2110.
District Court of Appeal of Florida, Second District.
May 25, 1983.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Fort Myers, for appellees.
*175 GRIMES, Acting Chief Judge.
The primary point in this appeal concerns the propriety of the court's cautionary instruction pertaining to counsel's "per diem" jury argument.
Appellants sued appellees for injuries received by Paul McDaniel in an automobile accident. Appellees admitted fault in causing the accident. The remaining issues were whether Paul's injuries were permanent and, if so, the amount of appellants' damages. In the course of his closing argument on damages, appellants' counsel suggested that the jury multiply the number of days from the accident until Paul reached maximum medical improvement by $10 and the number of days remaining in Paul's life according to the life expectancy tables by $3. At appellees' request and over the objection of appellants' counsel, the court later gave the following jury instruction:
The Court has permitted you to view certain charts and figures written on a blackboard that portray the ideas of the attorneys concerning the value to be placed on the pain and suffering, if any, sustained by the Plaintiff.
The Court has permitted the attorneys to comment on these charts and figures during their argument. You are cautioned that these charts and figures are not evidence and are not to be considered by you as evidence. No evidence has been submitted to you establishing the correctness or incorrectness of the amounts and the figures submitted. You are instructed that these charts and figures are merely the conception and ideas of the attorney preparing them. They are merely lawyers' talk and not evidence. You are not bound by these charts and figures or the amounts indicated by them, and may disregard them entirely if you desire to do so. The amount to be awarded the Plaintiff for pain and suffering, if you find them from the evidence  if you find from the evidence he suffered pain and suffering, is solely for your determination from the evidence and should at all times be fair and reasonable for the pain and suffering, if any, sustained by the Plaintiff. You are not required to surrender your good judgment in favor of the amounts and figures suggested by one of the attorneys.
The jury returned a verdict in which it determined that Paul had suffered no permanent injuries and, therefore, assessed no damages.
Appellants' contention that they were prejudiced by the foregoing instruction cannot be sustained. The instruction referred to counsel's argument concerning the amount of damages. However, the jury never reached this issue because it determined that the appellants failed to meet the permanent injury threshold of section 627.737(2)(b), Florida Statutes (1981). The instruction did not deprive them of a fair trial on the issue of permanency.
We pause to note, however, that if appellants were attacking the inadequacy of the verdict after a finding of permanency, we would feel compelled to reverse. In Florida, the propriety of making per diem arguments such as this rests within the sound discretion of the trial court. Perdue v. Watson, 144 So.2d 840 (Fla. 2d DCA 1962); Ratner v. Arrington, 111 So.2d 82 (Fla. 3d DCA 1959). If the trial court decides to permit a per diem argument, it may caution the jury that the figures used therein are not to be considered as evidence. See Annot., 3 A.L.R. 4th 940 (1981). However, the instruction given in this case simply went too far. As worded, it placed an undue emphasis on the subject and may have conveyed the implication that the figures were ridiculous. The court must avoid the slightest appearance of partiality.
The appellants' remaining point that the court erred in directing a verdict against Margaret on her consortium claim falls prey to the same reasoning which disposed of their first contention. Even if the evidence was sufficient to sustain a claim for loss of consortium, Margaret was not entitled to recover damages unless her husband met the permanency threshold. *176 Faulkner v. Allstate Insurance Co., 367 So.2d 214 (Fla. 1979).
AFFIRMED.
RYDER and CAMPBELL, JJ., concur.