PER CURIAM.
The issue in this case is whether a person injured while operating a vehicle owned by a Florida resident must allege threshold injuries (as defined in § 627.737(2), Fla. *904 Stat.) in a negligence action against a nonresident who, while not required by Florida law to do so, has voluntarily obtained PIP coverage meeting the requirements of the Florida no-fault statute.
Appellant/plaintiff, a resident of Florida, was injured in an automobile accident which occurred in Florida. The appel-lees/defendants are both non-residents; one owned and the other operated the motor vehicle which caused the appellant’s injuries. Although not required under Florida’s no-fault statute to obtain PIP insurance coverage, the non-resident owner nevertheless had obtained such coverage. The appellant, on the other hand, was driving a motor vehicle which was required to have PIP coverage under Florida’s no-fault statute. The appellant admitted that she did not suffer threshold injuries. However, the appellant/plaintiff argued before the trial court that because Florida’s no-fault statute (§ 627.730 et seq., Fla.Stat.) did not exempt from tort liability non-residents who have voluntarily obtained PIP coverage, she could maintain a negligence action against the defendants without alleging threshold injuries. The trial court ruled that the tort exemption was applicable to the non-resident defendants/appel-lees. This appeal followed.
Section 627.737, Florida Statutes, provides in pertinent part:
(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state....
This tort exemption is not applicable if the plaintiff alleges and proves a threshold injury, such as significant and permanent scarring or disfigurement. Section 627.737 does not exempt non-residents who voluntarily obtain PIP coverage under Florida’s no-fault law from tort liability for damages normally recompensed under PIP coverage; nor does it exclude such non-residents from the statutory tort exception. Therefore, we interpret the language in section 627.-737 to exempt from tort liability every owner, registrant, operator, or occupant (resident or non-resident) of a motor vehicle with respect to which security, of the type or kind required by ss. 627.730-627.7405, has been provided. Specifically, section 627.733 sets forth the type or kind of security required and includes PIP coverage. If the PIP coverage relating to the motor vehicle of a non-resident owner is in compliance with the requirements of section 627.-733, the non-resident, owner or operator, like the resident owner or operator, is exempted from tort liability by section 627.-737.
In the instant case, the non-resident owner’s automobile insurance policy specifically extends its coverage to include the minimum amount and types of coverage required by the jurisdiction where an accident involving the insured motor vehicle occurs.[1] It is inherently unfair and discriminating to exclude a non-resident who has obtained PIP coverage satisfying Florida no-fault law from the limited tort immunity enjoyed by others who have also obtained such coverage. A non-resident is required to maintain PIP coverage satisfying Florida no-fault law after his vehicle has been in Florida for 90 days during a preceding 365 day period. If a non-resident voluntarily and conscientiously obtains PIP coverage satisfying the no-fault law before the applicable 90 day period has passed, he should be exempt from tort liability during the 90 day period. It would be incongruous to allow a Florida resident without threshold injuries to bring an action against a nonresident who has PIP coverage satisfying Florida's no-fault law while at the same time recognizing that a non-resident with *905 out threshold injuries is prevented from maintaining an action against a resident to whom the tort exemption is applicable.[2] The statute does not require this unfair result.[3]
A classification based upon whether an individual obtains PIP coverage as required by law or obtains such coverage by free choice is not reasonable, and does not rest upon some ground of difference having a fair and substantial relation to the purpose and aim of Florida’s no-fault statute. Such a classification would result in discrimination against those who voluntarily obtain PIP coverage by excluding that class from the limited tort immunity provided by Florida’s no-fault statute. Construing Florida’s no-fault statute to recognize such a classification would deny equal protection and violate the fourteenth amendment to the United States Constitution. Such a classification would discriminate against non-residents and impinge upon the fundamental right of travel. If this could be done constitutionally it would require a compelling governmental interest. See Memorial Hospital v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974); Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Hall v. King, 266 So.2d 33 (Fla. 1972). Neither a compelling nor a reasonable governmental interest supports such a classification in this instance; to the contrary, the intent of the legislature as gleaned from the passage of the no-fault statutes and the best interests of the residents of the State of Florida would appear to be to encourage non-residents to voluntarily obtain PIP coverage before traveling on the highways of this state. The trial court’s interpretation of Florida’s no-fault statute avoids an unconstitutional result and is consistent with public interests. We hold that non-residents who voluntarily obtain PIP coverage which complies with Florida’s no-fault law are exempt from tort liability to the same extent as those required to obtain such coverage.
Because this case was considered to be of exceptional importance, the panel decision was' considered by this court en banc. The en banc decision resulted in a 3 to 3 tie vote, hence the trial court decision is affirmed. See O’Brien v. State, 478 So.2d 497 (Fla.5th DCA 1985), and Fla.R.App.P. 9.331(a). Pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(v) we certify that this decision passes upon a question of great public importance and certify the question as follows:
Are non-residents who voluntarily obtain PIP coverage conforming to Florida’s no-fault law (§ 627.730-627.7405, Fla.Stat.) exempt from tort liability under section 627.737, Florida Statutes, to the same extent as residents who obtain the same coverage because required by statute to do so?
AFFIRMED.
UPCHURCH, SHARP and COWART, JJ, concur.
DAUKSCH, J., dissents with opinion in which COBB, C.J., and ORFINGER, J., concur.

. This type of policy protects residents of a fault state who are injured in a no-fault state by a vehicle which under the laws of the no-fault state provides a tort exemption to the owner and operator.

. See Johnson v. Liberty Mutual Insurance Co., 297 So.2d 858 (Fla. 4th DCA 1974).

. The law favors a rational, sensible construction of statutes. We should avoid an interpretation which would produce unreasonable consequences. See, e.g., Miller v. City of Indian Har-bour Beach, 453 So.2d 107, 112 (Fla. 5th DCA 1984). Deel Motors, Inc. v. Carrington, 305 So.2d 811 (Fla.3d DCA 1974), cert. denied, 315 So.2d 197 (Fla.1975) (when a statute is capable of two interpretations, the one that produces an incongruous result should be avoided).