500 So.2d 538 (1987)
Rene L. SPENCE, Petitioner,
v.
David O. HUGHES and Imperial Food Products, Inc., Respondents.
No. 68569.
Supreme Court of Florida.
January 5, 1987.
*539 Keith R. Mitnik of Robertson, Williams, Duane and Lewis, P.A., Orlando, for petitioner.
Carl D. Motes of Maguire, Voorhis and Wells, P.A., Orlando, for respondents.
R. Mark Shelton of Wagner, Cunningham, Vaughan and McLaughlin, P.A., Tampa, for The Academy of Florida Trial Lawyers, amicus curiae.
BARKETT, Justice.
We have for review Spence v. Hughes, 485 So.2d 903 (Fla. 5th DCA 1986) (en banc), in which the district court certified the following as a question of great public importance:
Are non-residents who voluntarily obtain PIP coverage conforming to Florida's no-fault law (§ 627.730-627.7405, Fla. Stat.) exempt from tort liability under section 627.737, Florida Statutes, to the same extent as residents who obtain the same coverage because required by statute to do so?
Id. at 905. We have jurisdiction under article V, section 3(b)(4), Florida Constitution, and answer the question in the affirmative.
Petitioner, injured in an automobile accident in Florida, brought a tort action against the driver and the owner of the motor vehicle which caused her injuries. Petitioner is a resident of Florida; respondents are both nonresidents. Although not required by Florida law to do so, the nonresident owner had obtained PIP coverage meeting the requirements of Florida's no-fault statute.[*] Petitioner admitted to the trial court that she did not suffer threshold injuries but argued that she could maintain a tort action against respondents because the tort exemption does not apply to nonresidents.
The trial court ruled in favor of the nonresident defendants. The Fifth District Court of Appeal, sitting en banc, affirmed by an equally divided court, holding that the tort exemption applies to a nonresident who voluntarily obtains PIP coverage which complies with Florida's no-fault law. 485 So.2d at 905.
We agree with the district court that the tort exemption applies not only to those individuals required by statute to provide PIP coverage but to every individual (resident or nonresident) who actually provides PIP coverage conforming to the no-fault *540 law. This construction avoids an unconstitutional distinction between residents and nonresidents, and is consistent with the purpose of Florida's no-fault statute. As the majority below pointed out, "the intent of the legislature ... and the best interests of the residents of the State of Florida would appear to be to encourage non-residents to voluntarily obtain PIP coverage before traveling on the highways of this state." 485 So.2d at 905. We approve the well-reasoned opinion of the court below and, therefore, adopt it in its entirety.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON and SHAW, JJ., concur.
EHRLICH, J., dissents with opinion with which ADKINS, J., concurs.
EHRLICH, Justice, dissenting.
I agree with the reasoning expressed in the dissenting opinion of Judge DAUKSCH.
ADKINS, J., concurs.
NOTES
[*] Section 627.737, Florida Statutes (1983), provides in pertinent part:

(1) Every owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for damages because of bodily injury, sickness, or disease arising out of the ownership, operation, maintenance, or use of such motor vehicle in this state... .
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.