PARKER, Judge.
Appellants, Commercial Clean-Up Enterprises, Inc., and Thomas T. Tibstra, appeal a trial court order which granted a new trial on the loss of consortium claim of appellee, Donald J. Holmquist. We reverse, concluding that Mr. Holmquist’s claim for loss of consortium is barred because the jury found that his spouse failed to meet the threshold requirements of the no-fault law.
Barbara Holmquist and Donald J. Holm-quist filed an action, alleging that Mrs. Holmquist sustained personal injuries in an automobile accident caused by the negligence of the appellants and that Mr. Holm-quist sustained consortium damages due to the loss of services and companionship of his wife. The jury returned a verdict finding negligence on the part of the appellants but found that Mrs. Holmquist sustained no permanent injury. The jury awarded Mrs. Holmquist out-of-pocket medical expenses but failed to award Mr. Holmquist consortium damages. The Holmquists filed a motion for new trial, which the trial court granted as to Mr. Holmquist’s loss of consortium claim.
We recognize that several cases from this district, at least on the surface, appear to support the trial court’s granting of a new trial. The trial court relied upon cases where this court held that, when the injured spouse is awarded damages for medical expenses for personal injuries caused by the negligence of a third party, the spouse who presented substantial and unre-butted testimony to support a consortium claim is entitled to at least nominal damages. See DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989); Noah v. Threlkeld, 543 So.2d 431 (Fla. 2d DCA 1989); Albritton v. State Farm Mut. Auto. Ins. Co., 382 So.2d 1267 (Fla. 2d DCA 1980). Although we do not believe the permanent injury test of the no-fault threshold[1] was actually at issue in these cases, they at least imply that the spouse who presents a consortium claim can recover when the injured spouse does not meet the threshold.
To avoid continued confusion in this area, we emphasize the supreme court’s opinion in Faulkner v. Allstate Insurance Co., 367 So.2d 214 (Fla.1979). The Faulkner court stated:
Mrs. Faulkner’s claim for loss of consortium is derivative in nature and wholly dependent on her husband’s ability to recover. Gates v. Foley, 247 So.2d 40 (Fla.1971). Since Mr. Faulkner’s claim is barred by his failure to meet the no-fault threshold (except as provided herein)[2] his wife’s claim is likewise barred.
Faulkner, 367 So.2d at 217 (footnote added). Likewise, this court, citing Faulkner, in McDaniel v. Prysi, 432 So.2d 174, 175 (Fla. 2d DCA 1983) stated: “Even if the evidence was sufficient to sustain a claim *345 of loss of consortium, Margaret was not entitled to recover damages unless her husband met the permanency threshold.”
We, therefore, reverse the trial court’s order granting a new trial. We clarify DeLong, Noah, and Albritton to the extent that they should not be read to conflict with Faulkner and McDaniel.
Reversed and remanded.
CAMPBELL, Acting C.J., and THREADGILL, J., concur.

. Section 627.737(2), Florida Statutes (1987) provides:
In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
[[Image here]]
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

. In addition to a permanent injury, the other criteria for meeting the no-fault threshold are: (a) significant and permanent loss of an important bodily function; (b) significant and permanent scarring or disfigurement; and (c) death.