**Yamile A. GOMEZ, and Manuel Jesus Gomez, Plaintiffs,**

v.

**PFIZER, INC., a Delaware corp. for profit, McNeil–PPC, Inc., a New Jersey corp. for profit, Johnson & Johnson Co., a New Jersey corp. for profit, and Publix Super Markets, Inc., a Florida corporation for profit, Defendants.**

Case No. 09–22700–CIV.

United States District Court, S.D. Florida.

Dec. 21, 2009.

Alejandro Alvarez, Phillip Edward Holden, The Alvarez Law Firm, Coral Gables, FL, for Plaintiffs.

Hildy M. Sastre, Mihai Marian Vrasmasu, Shook Hardy & Bacon, Miami, FL, Andrew H. Myers, James E. Hooper, Wheeler Trigg O'Donnell LLP, Denver, CO, David J. Walz, Penelope A. Dixon, Carlton Fields, Tampa, FL, for Defendants.

## ORDER ON MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court upon Defendant McNeil–PPC, Inc. ("McNeil") and Johnson & Johnson Co.'s ("J & J") Motion to Dismiss Plaintiffs' Complaint (D.E. 10[1]). Plaintiffs responded in opposition (D.E. 5), and Defendant replied (D.E. 9). Accordingly, the matter is ripe for disposition.

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

### Background[2]

On or about July 13, 2005, Plaintiff Yamile A. Gomez ("Gomez") was using prescription medication Zoloft. (Complaint ¶ 7.) She began suffering from severe headaches, body aches, and fever. (Id. ¶ 8.) Consequently, she visited the hospital, where she "was administered and or prescribed Tylenol and Motrin for pain relief." (Id.) Upon hospital discharge, Gomez also purchased Motrin and Tylenol for herself.[3] (Id. ¶ 9.) Her condition worsened, and she continued to visit the hospital. (Id. ¶ 10.) On July 15, 2009, Gomez was diagnosed with medication-induced Steven–Johnson syndrome. (Id. ¶ 11.)

On July 6, 2009, Plaintiffs Yamile A. Gomez and Manuel Jesus Gomez filed suit in state court against Defendants Pfizer, Inc. ("Pfizer"), McNeil, J & J, and Publix Super Markets, Inc. They claim that Gomez's use of Zoloft, Motrin, and Tylenol (solely or in combination with one another) caused her to suffer from Steven–Johnson syndrome. (Id. ¶¶ 13–16.) McNeil and J & J, the designers and manufacturers of Tylenol and Motrin, subsequently removed the state court action to this Court.[4]

### Standard of Review

In order to state a claim, Fed.R.Civ.P. 8(a)(2) requires only "a short and plain

---

**1.** Defendants removed this case to this Court on September 9, 2009. Prior to removal, Defendants filed their Motion to Dismiss in state court on August 24, 2009, but did not file an accompanying memorandum of law. Thus, pursuant to Rule 7.2 of the Local Rules of the Southern District Court for the Southern District of Florida, Defendants filed a memorandum of law on September 22, 2009 (D.E. 2).

**2.** For purposes of this Motion to Dismiss, the Court takes the facts alleged in the Complaint as true. *Hunnings v. Texaco, Inc.,* 29 F.3d

1480, 1483 (11th Cir.1994). Accordingly, the Court will largely dispense with the use of "allegedly" in the following narrative.

**3.** It is unclear from the allegations in the Complaint whether Gomez ingested prescription strength or over-the-counter strength Tylenol and Motrin.

**4.** Plaintiffs voluntarily dismissed Publix Supermarkets, Inc. (D.E. 4, 6), and Pfizer answered Plaintiffs' Complaint (D.E. 11).

statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* ── U.S. ──, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

■ In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotations and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* (citation omitted).

### Discussion

Plaintiffs allege five counts against McNeil and J & J (together, "Defen-

dants"). Counts III and V assert identical allegations of negligence with respect to Motrin and Tylenol, respectively. Counts IV and VI assert identical allegations of strict liability with respect to Motrin and Tylenol, respectively. Count VIII is a loss of consortium claim, and it appears to be the only claim of Plaintiff Manuel Jesus Gomez.

Defendants filed the instant Motion arguing that (i) the Complaint fails to allege sufficient factual allegations to state a claim for either negligence or strict liability, and (ii) Plaintiffs' negligence and strict liability claims are improperly commingled. For the reasons described fully below, the Court dismisses Plaintiffs' claims against McNeil and J & J without prejudice.

### (i) Negligence Claims (Counts III and V)

■ To state a cause of action for negligence, a plaintiff must allege that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages. *See, e.g., Fla. Dep't of Corrections v. Abril,* 969 So.2d 201, 204–05 (Fla.2007). Defendants argue that Plaintiffs' allegations in Counts III and V "offer nothing more than a recitation of the elements of duty and breach generally, a general recitation of alleged breaches, untethered to any actual facts, and the conclusion that those alleged breached caused Plaintiff Yamile Gomez's injury." (Motion at 5.)

The Court finds that the Complaint fails to allege an existence of a duty. Counts III and V are made against both McNeil and J & J collectively; Plaintiffs make no individualized allegations against either of these two Defendants. The Complaint does not state an adequate factual basis, including some definitive relationship between McNeil and J & J to the products in question, as well as the relationship be-

tween McNeil and J & J to one another. Thus, it is unclear what either of the Defendants' respective duties are. *See Wolicki–Gables v. Arrow Int'l,* No. 8:08–CV–151–T–17MSS, 2008 WL 2773721 (M.D.Fla. June 17, 2008) (dismissing without prejudice plaintiff's negligence claims where plaintiff failed to allege facts identifying the defendants' relationship to the product in question and defendants' relationship to one another). Plaintiffs must explain McNeil's individual duty and J & J's individual duty, as well their individual breaches of that duty, to state a claim for negligence against them. *See, e.g., Bailey v. Janssen Pharmaceutica, Inc.,* 288 Fed. Appx. 597, 609 (11th Cir.2008). This Plaintiffs have failed to do. Accordingly, the Court dismisses Counts III and V without prejudice.

### (ii) Strict Liability Claims (Counts IV and VI)

■ To state a cause of action for strict liability, a plaintiff must allege (1) the manufacturer's relationship to the product in question, (2) the unreasonably dangerous condition of the product, and (3) the existence of a proximate causal connection between the condition of the product and the plaintiff's injury. *See, e.g., West v. Caterpillar Tractor Co., Inc.,* 336 So.2d 80, 87 (Fla.1976).

■ The Complaint fails to plead ultimate facts establishing the elements of strict liability. As an initial matter, McNeil's and J & J's relationship to the products in question (Tylenol and Motrin) is far from clear. Counts IV and VI are made against *both* Defendants, but the roles they individually played in the design and manufacture of the products in question are not alleged. Nor are there even factual allegations to put the Defendants on notice as to what *products* Plaintiffs are claiming were defective—is it over-the-counter Motrin and Tylenol, or prescrip-

tion Motrin and Tylenol, or one of each? Additionally, there are no factual allegations suggesting what was in fact defective about the products. Rather, the Complaint alleges that the products were "defectively designed and/or manufactured because [their] intended use resulted in a substantial and unreasonable likelihood of causing Stevens–Johnson syndrome, which rendered [them] unreasonably dangerous for [their] intended use." (Complaint ¶¶ 50, 71.) Such allegations amount to no more than bare legal conclusions. *See Rice v. Walker,* 359 So.2d 891, 892 (Fla. 3d DCA 1978) (dismissing products liability complaint where the plaintiff did not allege facts showing how the product was defective); *cf. Bailey v. Janssen Pharmaceutica, Inc.,* 288 Fed.Appx. 597, 607–08 (11th Cir.2008) (finding that although the complaint alleged in a conclusory fashion that the product reached the plaintiff in an "unreasonably dangerous condition, it nevertheless proceeds to suggest several possible defects existing at the time of [plaintiff's] use" of the product).

■ Finally, the Court notes that Plaintiffs' theory of strict liability—whether defective design, manufacture, or failure to warn—is not clear from the Complaint. Defective design, manufacture and failure to warn are distinct theories, and Defendants are prejudiced in that they cannot determine which doctrine is at issue, much less how to frame a proper response. *See Harduvel v. Gen. Dynamics Corp.,* 878 F.2d 1311, 1317 (11th Cir.1989) (describing the distinction between manufacturing and design defect claims).

For all the foregoing reasons, the Court dismisses Counts IV and VI without prejudice.

### (iii) Loss of Consortium Claim (Count VIII)

■ The Court must dismiss Plaintiff Manuel Jesus Gomez's loss of consortium

claim as to McNeil and J & J because because his claim derives from his wife's claims, and Gomez does not currently state a cause of action against these Defendants. *Faulkner v. Allstate Ins. Co.*, 367 So.2d 214, 217 (Fla.1979) (holding that loss of consortium claims are derivative in nature).

### Conclusion

It is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss (D.E. 6) is GRANTED. Counts III, IV, V, VI, and VIII are DISMISSED WITHOUT PREJUDICE as to Defendants McNeil and J & J only. Plaintiffs shall file within twenty (20) days an amended complaint. Failure to file an amended complaint by this date will result in dismissal of Counts III, IV, V, VI, and VIII as to Defendants McNeil and J & J with prejudice.